## BURKE v. GRAHAM.

(Supreme Court, Appellate Division, Second Department.   June 29, 1905.)

REPLEVIN—DAMAGES—VALUE OF PROPERTY—EVIDENCE—INSTRUCTIONS.

Where, in replevin to recover the value of two race horses, one of which died in the possession of the defendant after it had been retaken as authorized by Code Civ. Proc. § 1704, there was no evidence as to the value of the horses at the time of the trial, and the court directed the jury to find the value of the horses as of the date of the trial, together with such damages as plaintiff sustained by reason of the detention, but that plaintiff could not recover damages for the death of the horse that died unless its death was occasioned by some fault on defendant's part, and the jury found no damages for the detention of the horses, a verdict in favor of plaintiff for the value of the horse that died was erroneous.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 295–302.]

Appeal from Trial Term, Kings County.

Action by William E. Burke, as receiver of the firm of Mertz & Gibb, against Henry Graham.  From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

C. Elliott Minor, for appellant.

Albert A. Wray, for respondent.

MILLER, J.  The defendant appeals from an order denying a motion for a new trial, and from a judgment entered on the verdict of a jury in favor of the plaintiff, who sues as receiver of a copartnership to recover two race horses claimed to have been the property of the copartnership at the time of the appointment of the plaintiff as receiver.  The plaintiff was appointed as receiver on the 21st day of August, 1901.  The defendant claimed to have purchased the horses on the 19th day of August, 1901, from one of the copartners, who was plaintiff in the action for a dissolution, and the moving party who obtained the order appointing plaintiff as receiver.  The trial court submitted the case to the jury to find whether a bona fide sale was made to the defendant on the 19th day of August, 1901, as claimed by him.  I think there was sufficient evidence to justify the submission of that question to the jury, but it is unnecessary to determine that question, because the judgment must be reversed for other reasons.

The action was tried in January, 1904.  The only evidence offered by the plaintiff as to the value of the horses related to their value on the 21st day of August, 1901, the date of the appointment of the receiver.  This evidence was received over the objection and exception of the defendant.  It appeared that the horse Khitai died in September, 1903, in the possession of the defendant, the horses having been retaken by the defendant pursuant to section 1704 of the Code of Civil Procedure.  The court directed the jury to find the value of the horses as of the date of the trial, together with such

damages as the plaintiff sustained by reason of the detention, charging that the plaintiff could not recover damages for the death of the horse Khitai unless its death was occasioned by some fault on the part of the defendant. The jury found a verdict for the plaintiff, in which they stated that no damages were awarded for detention of the horses, that $100 was the value of the horse Wardell at the time of the trial, and that $2,000 was the value of the horse Khitai at the time of his death, upon which verdict a judgment was entered for $2,000 damages for taking and detention of the horse Khitai, and for the return of the horse Wardell or the recovery of the sum of $100. The defendant moved to set aside the verdict on the usual grounds.

Section 1726 of the Code of Civil Procedure provides that the verdict of the jury must fix the damages sustained by the plaintiff, if any, and fix the value of the chattel at the time of the trial. The jury have found that the death of the horse Khitai was not due to the negligence of the defendant, and, in accordance with the instructions of the court, found no damages for detention, but, upon the finding that the horse was worth $2,000 at the time of his death, a judgment for $2,000 damages has been rendered against the defendant. We may assume that the plaintiff could recover, as a part of his damages, for the death of the horse, without regard to the question of defendant's negligence; but, applying the charge of the court to the findings of the jury, the plaintiff was not entitled to a judgment for the value of the horse that died. We think there was not sufficient evidence of the value of the horse Khitai at the time of its death to warrant the submission of that question to the jury, and, although the court's attention does not appear to have been called specifically to the point, the defendant had a right to rely upon the assumption that no judgment would be rendered inconsistent with the rule of law charged by the court.

The judgment and order appealed from should therefore be reversed, and a new trial granted; costs to abide the event. All concur.