E. L. GAVIN, JR., v. R. H. MATTHEWS ET AL.

(Filed 23 March, 1910.)

**Mortgagor and Mortgagee—Default—Foreclosure—Notes in Sets— Maturity.**

> In an action to foreclose a mortgage upon a stock of goods securing a number of notes given for the purchase price, the mortgage providing that upon failure to pay any of these notes all of them became due and payable, it appeared that two of the notes had passed maturity and one of a later maturity was given to defendant by mistake upon his payment of the one earlier maturing: *Held,* that this was no sufficient defense, and especially unavailable, as by the verdict the plaintiff was charged with the actual value of the goods when taken.

APPEAL from *Guion, J.,* January (Special) Term of SAMP-SON.

These issues were submitted:

1. Is the plaintiff the owner of and entitled to the possession of the property described in the complaint? Answer: Yes.

2. What was the value of the property at the time of said seizure? Answer: $234.64.

3. Is defendant indebted to plaintiff; if so, in what amount? Answer: $670.20, with interest from 9 September, 1908.

From a judgment for plaintiff the defendants appeal.

*Faison & Wright* and *Fowler & Crumpler* for plaintiff.
*George E. Butler* and *F. R. Cooper* for defendants.

BROWN, J. The plaintiff brings this action to recover possession of a stock of goods sold by him to defendants and described in a mortgage for the purchase money, securing the payment of twenty-six notes dated 3 April, 1908, in the sum of $25 each, except one for $51.55. These notes matured on 1st day of each month, and there is a provision in the mortgage that in case of default on any one note all shall at once become due, and that the plaintiff may at once take possession and foreclose.

According to the plaintiff's evidence, the July and August (1908) notes, both of which matured before the commencement of this action, were not paid, although demanded.

The only defense attempted that we have been able to discover in the record is that the July note was paid, but by mistake defendants received for it from plaintiff the note due 1 August, 1910. There is no evidence or claim that the note due August, 1908, was paid. The right to foreclose the mortgage undoubtedly accrued at once upon such default.

There is no evidence that the foreclosure was improperly or oppressively conducted, or that plaintiff bought at his own sale, as in *Smith v. French, post,* and 141 N. C., 1; but if there had been it would not avail anything, as under the form of the second issue the plaintiff is charged with the actual value of the goods when taken.

The whole controversy plainly involves only questions of fact, and they have been settled by the jury. We have been unable to discover any serious question of law presented by this appeal, or, with perfect deference for the views of the learned and able counsel for appellants, to comprehend exactly why it should have been brought to this Court.

No error.