### R. R. RANDOLPH v. ERNEST McGOWANS.

(Filed 3 October, 1917.)

**Claim and Delivery—Replevy Bond—Failure to Return Property—Damages —Statutes—Common Law.**

In the event of adverse judgment against a defendant under replevy bond in claim and delivery, upon the terms or conditions thereof required by statute, he is not relieved from liability for the damages in failing to return the property, by reason of its having been destroyed, while in his possession, by causes beyond his control, or solely by the act of God, etc., for the statute changes the common-law rule both as to liability on the bond required of the plaintiff and defendant in such proceedings.

CIVIL ACTION tried before *Stacy, J.*, at March Term, 1917, of PITT, upon these issues:

1. Was the plaintiff the owner and entitled to the immediate possession of the cow described in the complaint at the institution of this suit? Answer: "Yes."

2. What was the value of said cow at the time of the sheriff's seizure? Answer: "$25."

3. Was the cow's death occasioned by the negligence of the defendant? Answer: "No."

The defendant moved for judgment upon the issues that he go without day and recover costs. The court rendered judgment that plaintiff "be declared to have been the owner of the cow described in the complaint at the institution of this suit, and it being made to appear to the court that during the pendency of this action that the said cow has died and cannot be returned to the plaintiff, it is now ordered and adjudged that the plaintiffs recover of the defendant and the surety on his bond, to-wit, C. H. Mills, the penalty of the bond, to be discharged on the payment of the sum of $25, with interest thereon from the............day of February, 1915, and the costs of the action, to be taxed by the clerk."

Defendant appealed.

*Albion Dunn for plaintiff.*
*Skiner & Cooper for defendant.*

BROWN, J. This is a civil action, instituted to recover possession of a cow. Plaintiff, at commencement of the action, took out the ancillary proceeding of claim and delivery. Defendant replevied when the cow was seized by the sheriff, and took the cow back into his possession. In order to do so, he was required to give the bond required by the statute, the condition of which is as follows:

"That if the said property be returned to the defendant, it shall be delivered to the plaintiff with damages for its deterioration and detention; if such delivery cannot for any cause be had, that the plaintiff shall be paid such sum as may be recovered against the defendant for the value of the property at the time of the wrongful taking or detention, with interest thereon, as damages for such taking and detention."

The appeal presents the question, Is the defendant liable for the value of the cow at the date he replevied, although the animal died from natural causes before the action was tried? We think the court below properly held that he is.

The former action of replevin in this State is regulated by statute. It is a civil action to recover personal property. The plaintiff has the right and usually does avail himself of the ancillary proceeding of claim and delivery, in which the plaintiff is required to give a bond before he can take the property, and in which the defendant has the right to have the

property returned to him to await the termination of the action. The defendant is then required to give bond, the condition of which is above quoted.

This subject has been discussed in a number of cases, and decided in different ways, but the overwhelming weight of authority is to the effect that the plaintiff in possession of the property under a replevied bond, or the defendant in possession under a forthcoming bond, is liable under all conditions for the return of the property, if the action is decided against him. The fact that a return cannot be had of the property is caused by the act of God, or other unavoidable causes beyond his control, is of no avail to relieve him from his obligation.

A defendant in possession of property under a forthcoming bond is not a bailee in any sense, but he is claiming the property as its owner. If his claim is decided adversely to him, his possession has been wrongful *ab initio,* and in violation of the rights of the true owner. Therefore, the best considered authorities hold that he cannot escape liability for failure to return the property as conditioned in his bond by showing that the failure comes from circumstances beyond his control. This was the doctrine of the common law.

"So, if the defendant claims the property or says that he did not take it, if in the meantime the beasts die or are sold, so that he cannot have a return, he may recover all in damages, if it be found for him." Hale's Notes, Fitzherbert, Nat. Brev., 69.

The failure upon the part of the defendant to establish his title makes him a wrong-doer, and, being such, he is not permitted to set up the destruction of the property while wrongfully withheld from the plaintiff as a discharge of his obligation to return the goods or pay their value and damages. Shinn Replevin, sec. 812; 24 A. and E. Enc. Law, 536; Wells Replevin, sec. 455; 6 Bacon's Abridgement, 67; *George v. Hewlett,* 35 Am. State Reports, 626; *Suppinger v. Grauz,* 137 Ill., 216; *Hinkson v. Morrison,* 47 Iowa, 167; *Scott v. Hughes,* 9 Mont., 104; *Blaker v. Sands,* 29 Kan., 551; *DeThomas v. Wetherby,* 61 Cal., 92.

In this case the Court says: "A plaintiff, not being the owner of goods, who takes them out of possession of the real owner, holds them in his own wrong and at his own risk. He is depriving the real owner of the possession, and has also deprived him of the means of disposing of the property pending the litigation; and when at the end of perhaps a protracted litigation, it is determined that the plaintiff in the replevin suit had no right to the possession of the goods, and judgment is rendered against him for the return of the property or its value, he cannot, on principle or authority, be excused from satisfying said judgment under a plea that the property has been lost in his hands even by the act of God."

This subject is very fully discussed in a very learned opinion by *Lurton, Circuit Judge,* in *Lumber Co. v. Blanks,* 69 L. R. A., 283, and in the notes to that case, where all the authorities are collected and commented upon by the learned annotator, who states the rule to be as we have stated it, in all the courts of this country, with a few exceptions.

This Court decided, in 1791, in *Skipper v. Hargrove,* 1 N. C., 27, "That in detinue the plaintiff shall have judgment, though the slave for which the action was brought has died since the judgment." This case, however, it is claimed, is overruled by *Bethea v. McLennon,* 23 N. C., 527.

In the latter case *Judge Gaston* says: "The termination of the plaintiff's interests in the goods, which in law necesarily follows when the goods cease to be, not having been caused by his own act, may change the nature of the plaintiff's action, so far as it demands a restitution of the goods themselves, but it does not impair his claim' for damages because of the unlawful detention thereof." We would infer from this quotation that while the court could not render judgment for the property in specie, it could render judgment in the same action for its value; but however that may be, the statutory proceeding of claim and delivery, ancillary to the civil action, has superseded the old common-law forms of action, and the condition of the bond is that the property shall be paid for, *if for any reason* it cannot be returned. There seems to be no exception. This is strictly in line with the English courts, as well as the great majority of our own. See, also, Sedgwick on Damages, sec. 536-A, where the subject is discussed.

A New York case is cited and relied upon by the defendant—*Burk v. Graham,* 106 App. Div., 108—which would seem to support his position. We think, however, that the New York statute differs from ours; and as the matter is one of statutory regulation, we base our decision upon the language of our statute, which makes the party giving the bond and taking the property, and remaining in possession of it, practically an insurer.

No error.