CLARK, C. J., and CLARKSON, J., dissenting.
Civil action, in claim and delivery, to recover the possession of an automobile.
Upon an agreed statement of facts, judgment was entered for the plaintiffs. Defendant appealed.
The essential facts of this case are as follows:
1. On 15 December, 1921, the defendant, A. P. Sands, sheriff of Rockingham County, in the discharge of his duties as such officer, seized an automobile which was being used, in violation of the prohibition law, in transporting liquor along one of the public highways of Rockingham County.
2. Two men were riding in the car, one of whom was arrested, and the other made his escape. The one making his escape was not known to the sheriff, and he has been unable, up to the present time, to ascertain his identity. The one arrested was tried and convicted in the Superior Court of Rockingham County for unlawfully transporting liquor in said car, though it does not appear that he held "any right, title or interest in and to the property so seized."
3. On 7 November, 1921, the T. H. Motor Company sold the automobile in question to one of the plaintiffs, C. Vance Smith, a resident and citizen of Guilford County, and took from him, by way of security for part of the purchase price, a chattel mortgage on the car, which said mortgage was duly registered in the office of the register of deeds for Guilford County, and has never been canceled or satisfied. This fact was made known to the defendant, but he declined to surrender the automobile to the plaintiff on demand. Whereupon plaintiffs instituted this suit to recover possession of said car. Bond was duly given, and a writ of claim and delivery issued therefor, but defendant replevied, giving bond as required by C. S., 836, and retained possession of the car, as he deemed it his duty to do, under C. S., 3403.
4. It is admitted that the plaintiffs were in no way connected with, or interested in, the liquor found in the car, or its transportation, and that they had no knowledge of the illegal use of the automobile. *Page 734 
5. pending the trial of this action, an while the car was in the warehouse of the Union Motor Company for safe-keeping, the same was destroyed by fire, through no fault of the defendant.
Upon these, the facts chiefly relevant, the question presented for decision is whether the defendant is liable to the plaintiffs on his forthcoming bond. We think this question has been decided in favor of the plaintiffs and against the defendant in Randolph v. McGowans,174 N.C. 203.
The defendant was authorized and required, under C. S., 3403, to seize the automobile in question and to keep the same until the guilt or innocence of the defendant could be determined upon his trial. This statute fully warranted the defendant in seizing the property and taking it into his possession. But when he was directed, in this action of replevin, to deliver the property to the plaintiff (which order relieved him from his obligation to hold it under he statute), he elected to retain the automobile in his possession and to give a bond for its forthcoming, as allowed by C. S., 836. The character of his possession was thereupon changed from that of a custodian or bailee, under C. S., 3403, to that of practically an insurer under his bond and under C. S., 836. Randolph v.McGowans, 174 N.C. p. 206. His present liability, therefore, is to be determined by the provisions of the latter statute.
In keeping with the general trend of authorities, it is the declared law of this jurisdiction that a plaintiff in replevin, in possession of the property under a replevin bond, as well as a defendant in replevin, retaining possession of the property under a forthcoming bond, is liable, at all events, for the return of the property, if the action be decided against him; and the fact that its failure to make return is caused by an act of God, or other circumstance beyond his control, is of no avail to relieve him from his obligation, not is he to be discharged by a showing of a want of negligence on his part. C. S., 833 and 836.
Upon the record, and under the law as now written, the judgment in favor of plaintiffs must be upheld.
Affirmed.