JAMES CRUMP v. JOHN H. LOVE.

(Filed 30 March, 1927.)

1. **Judgments—Estoppel—Res Adjudicata—Claim and Delivery—Possession—Injury to Property—Actions.**

Where a judgment by default is rendered against the defendant in claim and delivery, without having submitted the issue of damages for the detention or deterioration of the property as prescribed by the statute,

and thereafter the defendant has paid the plaintiff the amount of the debt, principal, interest and cost, and obtained the possession of the property, the judgment in claim and delivery is not *res adjudicata* in the defendant's later action against the former plaintiff to recover the damages alleged to have been caused the property by his negligent or wrongful use while in his possession.

## 2. Same—Insurer.

The plaintiff in possession of property under claim and delivery is practically liable as an insurer under the terms of his bond.

CIVIL ACTION, tried before *Sinclair, J.,* at Second January Term, 1926, of WAKE.

On 22 September, 1924, James Crump executed a note for $100, payable to G. E. Nicholson on 23 October, 1924. At the time of the issue of said note, Crump executed a chattel mortgage upon two horses to secure the same. The note and mortgage were duly transferred and assigned by Nicholson to John H. Love. Default having been made in the payment of said indebtedness, thereafter, on 4 March, 1926, John H. Love instituted an action in the city court of Raleigh, entitled "John H. Love, Assignee, v. James Crump," for the purpose of enforcing the collection of said note. The plaintiff Love seized the property described in said chattel mortgage under claim and delivery proceedings, and gave a bond in the penal sum of $600, conditioned as required by statute "for the return of the property of the defendant, with damages for its deterioration and detention, if such return is adjudged and can be had," etc. The defendant Crump, upon rendition of judgment against him, paid off the judgment on 28 April, 1926, including principal, interest, cost, and expense for keeping the horses. Thereafter Crump, the defendant in the former action, instituted the present action against John H. Love in May, 1926, alleging that one of the horses which had been seized in claim and delivery proceedings, and which had been returned to him upon settlement of the judgment in that proceeding, had been damaged by the defendant in this action, who was the plaintiff in the former action, by reason of the fact that the said Love, while in possession of said horse under said claim and delivery proceedings, knowing that said horse was a race horse and unfit for use as a draft animal, had, notwithstanding, worked said horse to a heavy lumber wagon, "and that by virtue of the defendant's knowingly, wrongfully, and unlawfully making use of said race horse as a draft horse, said horse has been irreparably damaged, and has been rendered unfit and useless as a race horse, to the great injury of the plaintiff," and that plaintiff did not ascertain the damage done to the animal until after he had received it back into his possession. The plaintiff alleges that he has been damaged in the sum of $450 by the unlawful and wrongful conduct of the defendant as aforesaid.

30—193

CRUMP *v.* LOVE.

The defendant demurred to the complaint of the plaintiff in this action as follows: "The defendant demurs to the complaint filed in the above-entitled action, for that the said complaint does not upon its face state a cause of action in favor of the plaintiff against the defendant, for that:

"(a) Said complaint shows upon its face that all matters and things in controversy herein have been fully adjudicated in the city court of Raleigh, and said action is *res adjudicata.*

"(b) Said complaint shows upon its face that if any cause ever existed, the same has been fully compromised and settled between the parties thereto.

"Wherefore, defendant asks that this action be dismissed; that he go hence without day and recover his costs."

The demurrer was overruled by the judge of the city court of Raleigh, and thereupon the defendant appealed to the Superior Court of Wake County, and at the second term of the January Court, 1926, to wit, on 31 January, 1926, the judge of the Superior Court sustained the demurrer, and the plaintiff appealed.

*Bunn & Arendell for plaintiff.*
*William B. Jones for defendant.*

BROGDEN, J. If personal property is seized in a claim and delivery proceeding and final judgment rendered, and thereupon the owner of the property pays the judgment and the property is restored to him, can such owner maintain an action for damages for the impairment or deterioration of the property during the time it was so held by the adverse party?

When property is taken by a party in claim and delivery proceedings, he thereupon becomes practically an insurer under the terms of the bond required in such cases. *Randolph v. McGowans,* 174 N. C., 203; *Motor Co. v. Sands,* 186 N. C., 732. Therefore, the party holding the property must answer for its impairment or deterioration while in his custody.

In the case now under consideration, the defendant contends that the payment of the former judgment by the plaintiff in this action, who was the defendant in the former action, is an estoppel, or *res judicata,* and for this reason the plaintiff has no cause of action. The record discloses, in the former action of *Love v. Crump,* the judgment was a default judgment, decreeing that the plaintiff Love should take over and sell said horses at public auction according to law. No issue was submitted in the former action as to the present plaintiff's damages for the deterioration and detention of the property. Hence, no estoppel arises. *Hardison v. Everett,* 192 N. C., 374; *Whitaker v. Garren,* 167 N. C.,

658; *Price v. Edwards,* 178 N. C., 493. Therefore, it necessarily follows that the plaintiff has stated a cause of action, and that the demurrer should have been overruled. *Woody v. Jordan,* 69 N. C., 189; *Asher v. Reizenstein,* 105 N. C., 213; *Bowen v. King,* 146 N. C., 389; *Moore v. Edwards,* 192 N. C., 446; *Polson v. Strickland, ante,* 300.

Indeed, the case of *Moore v. Edwards, supra,* is directly in point, and is determinative of this controversy. In that case, *Clarkson, J.,* speaking for the Court, said: "It will readily be seen by the issues and judgment in the former action of *Moore v. Mitchell,* that plenary issues were not submitted. The condition in the bond was 'with damages for its deterioration and detention, and the costs, if delivery can be had.' No issue was submitted, 'If delivery can be had, what were plaintiff's damages for deterioration and detention?' Under the issues and judgment, we cannot hold that in the present action the plea of estoppel, or *res judicata,* can avail defendant."

Reversed.