FEDERAL FINANCE AND CREDIT COMPANY v. MARSHALL TEETER.

(Filed 24 October, 1928.)

**1. Replevin—Parties—Surety—Claim and Delivery.**

The liability of the surety on a replevy bond in claim and delivery is not required to be determined in a separate action.

**2. Trial—Instructions—Harmless Error.**

Where but one inference of fact can be drawn from all the evidence in the case, and the jury has accordingly so answered the issue, an erroneous instruction thereon is not reversible error.

APPEAL by defendant from *Bond, J.,* and a jury, at March Term, 1928, of DURHAM. No error.

The issue submitted to the jury and the answer thereto were as follows: "What damage, if any, has the plaintiff sustained on account of the wrongful detention of said automobile by the defendant since the issuance of claim and delivery herein? Answer: $574, with interest."

*R. H. Sykes and R. P. Reade for plaintiff.*
*Hartsell & Hartsell for defendant.*

PER CURIAM. This was a civil action brought by plaintiff to recover balance due on an automobile with the ancillary remedy of claim and delivery for said automobile, the same being replevied by the defendant upon the giving of a bond in the sum of twelve hundred dollars ($1,200).

BELL v. BANK.

The *first* question: "Can all the questions involved in an action, including the liability of the surety on replevin bond, be settled in one suit rather than bringing separate and independent actions?"

We think so, under our liberal practice. The defendant gave an undertaking "with damages for the deterioration and detention."

In *Moore v. Edwards,* 192 N. C., at p. 448, it was said: "We can find no statutory provision prohibiting separate actions in a case of this kind. *It is no doubt better practice to.try out the entire controversy in one action."* See *Polson v. Strickland,* 193 N. C., 299; *Crump v. Love,* 193 N. C., 464..

*Second.* "Where, from all the evidence before the court the jury can draw but one inference, will a new trial be granted on account of error in the charge of the trial judge?"

When the replevy bond was given by defendant, it was for $1,200 (C. S., 836), "to the effect that they are bound in double the value of the property." So, when the property was replevied and taken by defendant, it was valued at $600. Defendant kept the car for some eighteen months and it was returned to plaintiff. All of the evidence was to the effect that it was in bad condition, and when sold at public auction, after notice, a large crowd being present, it only brought $26.

One of the witnesses testified: "It brought as much or more than it was worth." Another testified: "I have had experience in selling second-hand automobiles as an auctioneer. I think the car brought all it was worth at that time."

It will be noted that the jury deducted the $26, the amount the automobile sold for, from the $600, and their verdict was for $574. The jury were warranted on all the evidence to return the verdict they did. The charge on the measure of damage, although erroneous, was harmless.

No error.