UNIVERSAL C. I. T. CREDIT CORPORATION v. JAMES N. SAUNDERS, A. W. WHEATLEY AND FRED SHAAR, CO-PARTNERS, TRADING AS DOWNTOWN MOTORS.

(Filed 9 April, 1952.)

**1. Claim and Delivery § 14½ —**

A mortgagee seizing a chattel under claim and delivery is required to account to the mortgagor for the value of the property as of the time of seizure. G.S. 1-475.

**2. Pleadings § 25—**

Ordinarily a party is bound by an allegation of fact contained in his own pleading, unless withdrawn, amended, or otherwise altered.

**3. Pleadings § 28: Claim and Delivery § 14½ —Defendant is bound by allegations of complaint for purpose of his motion for judgment on the pleadings.**

Where the mortgagee in claim and delivery alleges in his complaint and also in his reply, filed some four months after he had obtained possession of the property, that the value of the property was in a certain sum and the debt in a less amount, defendant mortgagor is entitled to recover on the pleadings the difference between the alleged debt and the alleged value of the property, but the mortgagor's motion for judgment on the pleadings is based upon plaintiff's allegations as to the value of the property and the amount of the debt, and precludes him from asserting on his counterclaim that the value of the property was in excess of that alleged in the complaint, or that the debt should be reduced by the amount of alleged usury, G.S. 1-510.

**4. Appeal and Error § 37—**

Error in the refusal of defendants' motion for judgment on the pleadings invalidates all subsequent proceedings in the trial court.

**5. Appeal and Error § 50: Pleadings § 23—**

Where the trial court erroneously refuses defendant's motion for judgment on the pleadings, the cause will be remanded, and in the subsequent proceedings defendant may renew his motion, and plaintiff, if so advised, may move to amend, in which event defendant may withdraw his motion for judgment on the pleadings and prosecute his counterclaim.

**6. Claim and Delivery § 14½ —**

Ordinarily the value of the property at the time it is seized in claim and delivery must be determined by the jury.

**7. Same—**

The amount property brings at a foreclosure sale a considerable time after its seizure in claim and delivery is not conclusive of its value at the time of seizure.

APPEAL by defendant J. N. Saunders from *Sharp, Special Judge,* September Term, 1951, of LEE.

Civil action by holder of conditional sale contract to recover alleged balance due on the purchase price of an automobile. Default having been made in the payment of the first installment due on the contract, and the plaintiff having elected to declare the entire balance immediately due and payable under the accelerating clause, the plaintiff instituted this action against the defendant Saunders on 8 February, 1951, and that day caused the automobile to be seized under writ of claim and delivery.

The defendant Saunders failed to replevy, and at the end of the three-day period the Sheriff delivered the automobile to the plaintiff. G.S. 1-478. The plaintiff advertised and sold the automobile at public outcry on 5 March, 1951, for the sum of $1,763.36.

The plaintiff alleges in the complaint that the amount of the debt due by the defendant Saunders is $1,763.36 and that "the value of the . . . automobile seized is $2,000."

The defendant Saunders filed answer setting up counterclaims against the plaintiff and also against A. W. Wheatley and Fred Shaar, copartners, trading as Downtown Motors (hereinafter referred to as Downtown Motors). The gravamen of the defense and counterclaims is that the Mercury automobile taken by the plaintiff under claim and delivery had a value substantially in excess of the amount due on the conditional sale contract. In substance, Saunders alleges: (1) that the debt of $1,763.36 recited in the contract should be stripped of the carrying charges of $238.36 on the theory of usury; and (2) that the contract should be credited with the further sum of $150 due Saunders by Downtown Motors from the sale of his old Ford which was traded in on the new automobile, thus leaving only $1,375 due by Saunders. He alleges he is entitled to recover of the plaintiff and Downtown Motors approximately $875, representing the alleged difference between the value of the seized automobile and the balance due on the conditional sale contract.

Downtown Motors, without challenging on procedural grounds the action of the Clerk in bringing them into the action, filed answer denying (as did the plaintiff by reply) the material allegations of the counterclaims.

After the jury was impaneled, the defendant Saunders moved for judgment on the plaintiff's complaint for the sum of $236.64, representing the difference between the value of the seized automobile and the debt due, as alleged in the complaint. The motion was denied and Saunders excepted.

Both sides offered evidence, at the conclusion of which the plaintiff and the defendant Downtown Motors each moved for judgment as of nonsuit on the counterclaims. The motions were allowed. The defendant Saunders excepted. Thereupon, on motion of the plaintiff, and over exception of Saunders, judgment was entered by the court, without the intervention of the jury, finding and adjudging that Saunders owed the full sum of $1,763.36 on the conditional sale contract, and that the seized automobile was sold according to law and brought the exact amount of the debt.

From judgment so entered, the defendant Saunders appealed, assigning errors.

*J. G. Edwards and George M. McDermott for plaintiff, appellee.*
*Gavin, Jackson & Gavin for defendant J. N. Saunders, appellant.*
*Pittman & Staton for defendant Downtown Motors, appellee.*

JOHNSON, J. Decision here turns on whether the court below erred in denying the motion of the defendant Saunders for judgment in accord with the allegations of the plaintiff's pleadings.

The automobile having been seized under claim and delivery and delivered to the plaintiff, the plaintiff is required to account to the defendant Saunders for its value as at the time of seizure. G.S. 1-475. *Crump v. Love,* 193 N.C. 464, 137 S.E. 418; *Motor Co. v. Sands,* 186 N.C. 732, 120 S.E. 459; *Randolph v. McGowans,* 174 N.C. 203, 93 S.E. 730; *Gavin v. Matthews,* 152 N.C. 195, 67 S.E. 478; *Griffith v. Richmond,* 126 N.C. 377, 35 S.E. 620.

In the complaint plaintiff alleges that the sum of $1,763.36 is due by the defendant Saunders on the conditional sale contract. It is further alleged in the complaint (and also in the affidavit in claim and delivery and in the plaintiff's replevin bond) that the automobile is of the value of $2,000. Also, the plaintiff in its reply reiterates the allegation that the automobile is of the value of $2,000. The reply was filed some four months after the plaintiff obtained possession of the automobile under claim and delivery.

Under the Code system of pleading which obtains in this jurisdiction, a case is to be tried upon the issues of fact which arise upon the pleadings. Every material fact alleged on one side and denied on the other side constitutes an issue to be established by sufficient evidence; whereas every material fact alleged on one side and not controverted or admitted on the other side is taken to be true. G.S. 1-159; *Bonham v. Craig,* 80 N.C. 224; *Cook v. Guirkin,* 119 N.C. 13, 25 S.E. 715. This well-established rule dispenses with the necessity of proving matters which, in the absence of denial, the law deems admitted.

And in searching the pleadings to determine the material facts which are controverted and those which are taken as true, the rule is that each party is bound by his pleading, and unless withdrawn, amended, or otherwise altered, the allegations contained in a pleading ordinarily are conclusive as against the pleader. *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470; *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14; 71 C.J.S., Pleading, Sec. 59.

Under application of the foregoing principles, it would seem that Saunders should have been permitted to terminate the litigation with the plaintiff on the basis of the allegations set out in the complaint.

However, Saunders was not entitled, as suggested in his brief, to judgment on the plaintiff's complaint and also to assert the rest of his counterclaim against the plaintiff by invoking the provisions of G.S. 1-510. This statute may not be invoked where, as here, its application would give sanction to piecemeal recoveries which would be essentially inconsistent. On this record judgment in conformity with the plaintiff's allegations would fix the value of the automobile at $2,000. This may not be reconciled with defendant Saunders' allegation of substantially greater value. In like manner, judgment in accord with the plaintiff's allegations, as sought by Saunders, would fix the amount of his debt at the sum of $1,763.36, and this may not be harmonized with the allegations of the counterclaim which would reduce the debt to $1,525 by striking out as usurious the carrying charges of $238.36.

In any event, it does not appear on the record that the motion of Saunders was conditioned upon any such attempted reservation of right to prosecute further the counterclaim against the plaintiff. The record indicates that after the jury was impaneled the defendant Saunders "moved for judgment on the pleadings for the sum of $236.64 as the difference between the value of (the) property as alleged and the debt as alleged." It thus appears that Saunders, in so moving for judgment, was offering, in effect, to withdraw his answer and counterclaim as against the plaintiff and abide settlement of the case accordant with the allegations of the complaint.

True, the plaintiff may have made a counter motion for leave to amend the complaint in respect to the alleged value of the automobile (G.S. 1-163; *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565), and if leave to amend had been granted, then, of course, Saunders might have withdrawn his motion. However, in the absence of a motion to amend, it must be presumed that the plaintiff stood on its pleadings as originally filed.

Therefore, on the record as presented, Saunders was entitled to have the litigation terminated, as between him and the plaintiff, on the basis of the plaintiff's allegations. The trial court erred in overruling Saunders' motion. This error invalidated all subsequent proceedings in the

court below, and it is so ordered.  The case seems to have been tried on a
misapplication of the pertinent principles of law.  It will be remanded
to the trial court for another hearing.  *Coley v. Dalrymple,* 225 N.C. 67,
33 S.E. 2d 477.  This will afford the defendant Saunders an opportunity
to renew his motion for judgment on the pleadings.  Likewise, the plain-
tiff, if so advised, may move to amend.

Decision here reached dispenses with detailed discussion of the remain-
ing exceptive assignments of error.  However, a perusal of the record
reflects fatal lack of supporting merit for the other exceptions brought
forward by the defendant Saunders, except those which challenge the
novel procedure of fixing the value of seized property and disposing of a
claim and delivery lawsuit without the intervention of a jury.  See *Crump
v. Love, supra; Gavin v. Matthews, supra.*  Besides, proof of the amount
the seized property brought at foreclosure sale a considerable time after
seizure may not be treated as conclusive on the issue of value at the time
of seizure.  32 C.J.S., Evidence, Sec. 1041.  Also, on the question of
lifting the burden of proof and taking from the jury an issue of fact, see
*McCracken v. Clark, ante,* 186, and compare *Commercial Solvents v.
Johnson, ante,* 237.

New trial.