Ruffin, C. J.
 

 This case presents no new legal question;but the decision seems to-be sustained by the previous adjudications- of this Court.
 

 The libel is not founded on anti-nuptial want of chastity,nor on the alleged imposition on the husband from his supposing himself to be the father of the child, of which his wife was pregnant at her marriage, when in fact it was the offspring of some other man. If it had been thus founded, the case of
 
 Scroggins
 
 v
 
 Scroggins,
 
 3 Dev. 535, would have been an answer to- it. The gist of the complaint is- the subsequent adultery of the wife ; and that is established. Her previous impurity is brought forward to account- for and justify. on the part of the husband, the state of separation, dur--ing. which this undoubted criminality of the wife arose. ' In that point of view it was properly stated,-as a material part of the plaintiff’s case. For as the.Statute provides that if “ either party has separated him or herself from- the other,--and is-living in adultery,, the injured party may obtain a divorce,” it follows,- if themriminal fact has arisen wholly during a separation of the parties, that the occasion of the separation oug.ht to be- stated, so as to show that the party applying did not cause the separation, but was injured by it as-well as by the adultery. Hence in
 
 Whittington
 
 v
 
 Whittington,
 
 2 Dev. & Bat. 64, we held that adultery by the wife, after'
 
 *58
 
 a^an<^onmeut ^7 the husband, would not found a decree for a divorce in his favor ; and indeed that the marriage could not be dissolved at the instance of the party, to whom de-^111^ *n an7 l^e essent'al duties of married life is fairly imputable. Among the most essential of those duties is conjugal society; both in being stipulated for in contracting the relation of man and wife, and as a wholesome restraint upon and an effective protection against those passions and weaknesses, to which both sexes are in some degree subject. When, therefore, a divorce is sought, for a cause supervening separation, it must be enquired, whether that cause probably grew out of the separation, and whether the separation was the act, and, so, the fault of both the parties, or of one of them, and which.
 

 Applying these principles to the case before us, the decision must be against the plaintiff.
 

 It is true the Jury have said that the wife separated herself from her husband, and have exonerated him from the imputation o'f connivance ; and it must be granted thereupon, that
 
 prima facie
 
 it is to be taken, that upon the wife rests the fault of the separation, as well as that of her subsequent incontinence. But upon the whole record that effect cannot be given to the finding of the Jury, because it is inconsistent with the facts, pleaded in the libel, or otherwise admitted by the plaintiff on the record. The Statute, indeed, requires all the material facts, charged in the libel, to be submitted to a Jury, upon whose verdict, and not otherwise, the Court is to decree. Rev. Stat. c. 39, s. 5. But that obviously means those facts, upon which the plaintiff founds his or her right to a divorce. The purpose is to prevent collusion between the parties; and hence a divorce is not to be granted upon facts admitted in the pleadings or on the trial, but only on facts pleaded, proved, and found by a Jury. But, although a divorce can never be granted on such admissions, yet it is quite clear that it may and must be refused upon the ground of the admission, by the party applying for it, of such facts as legally bar the application. It is a general rule that a party is concluded by the statement of his own pleadings ; and, therefore, that a verdict contradictory to them is nought.
 
 *59
 
 But, as the Legislature leans against divorces, the Statute has introduced an exception to that rule thus far, namely, that admissions shall not authorize a decree for a divorce. The same reason renders the general rule applicable, and with ° i. l 7 peculiar force, to admissions by the plaintiff of facts adverse to the divorce sought; and, therefore, it is to be seen, how far the facts found by the Jury are consistent with those stated or admitted by the petitioner. We think, notwithstanding the verdict, that in this case it is established by the admissions of the plaintiff, that the separation was not the act of the wife merely and exclusively, or even principally her fault; but that it was contemplated, desired, and intended by the husband, and was chiefly his act, and without any sufficient ■cause as yet made apparent.
 

 The libel states explicitly, that upon the birth of the second child, (with which the defendant was pregnant at her marriage,) the husband told his wife “ that from thenceforth he would never receive her as his wife,” and this repudiation was founded entirely upon the declaration he then made, that he was not the lather of the child. Upon that point a controversy existed between them ; he denying, and she affirming, that the child was his. The result of that controversy was that he abjured the connection in the terms just mentioned ; and “ upon that information” the wife, as soon as she was able, left her husband’s house. What else did the husband expect or wish
 
 ?
 
 Their circumstances were narrow and rendered their joint labor needful for their support and that of their children. When people are in that condition, and the wife is charged by the husband with prostitution, and imposing on him a spurious issue, and is told by him that he will never receive her as a wife, what else is she to understand, but that they cannot have the same home, and that she must leave her husband’s house and seek a home elsewhere ? This defendant says that she did so understand the petitioner ; for the answer states that “he drove her from his house.” It seems to us that she understood him correctly. For, besides the plain sense of his language, there are the facts, that he made no effort to detain her in the first instance, or to induce her return, although it is not intimated
 
 *60
 
 in the libel, that her departure was unknown to him, or her _|_place of retreat concealed from him. Indeed, it is not unnatural, if he really believed she was the wanton lie alleged, s^ou^ desire to be freed from her society and relieved from her maintenance. The libel states as a fact that the plaintiff was not the father of the child; and thus states it as an excuse for the harsh sentence pronounced on the wife immediately after her confinement. The very manner and occasion of bringing that matter forward afford, therefore, the true interpretation of the plaintiff’s language to his wife. They show his wish to get clear of her society and to drive her from his house.. If, indeed, the plaintiff had informed us of the circumstances, which established beyond a doubt in his mind, that he was nojt the father of the child, and had shown their existence by proof, there might be some plausible ground to palliate, to some extent, the act of expelling his wife from his dwelling. But we need not consider the effect of such proof; for the case is utterly destitute of evidence on the point, and an issue on it was not even asked for. Therefore, we are obliged to say, that in any legah or just sense it cannot be held, that the yrife separated herself from her husband, for that implies that it was without his concurrence, or, at least, not at his instigation or command. And we must further say, that, without proof to the contrary, the legal presumptions of innocence on the part of the wife, and of the legitimacy of a child born in wedlock must stand, and repel that part of the accusation against the defendant.
 

 As the Court must take the case, then, it is, .that the plaintiff, without any reasonable cause, forced his wife to leave his house, and to leave it with a character tainted by the unhappy connection, to which he had seduced her before the marriage, and now unjustly ruined b'y his own false charge ,of infidelity to him ; and that he then left the State for a year, ^without making any provision for her, and without her having, as far as appears, any friends to whom she might look for support or shelter, but obliged to gain a subsistence for herself and her children in the best way she could. In such a’ case, might not the husband, on his retnrn, expect to find .that a woman, thus seduced, traduced, degraded, destitute,
 
 *61
 
 and abandoned, had yielded to temptations, to which, in her weakness and necessity he had been the occasion of exposing her
 
 1
 

 We think, therefore, that immoral and criminal as the conduct of the wife has been, it furnishes no sufficient ground to dissolve the marriage. The husband also wants merits.
 

 By his own unfounded accusation and cruel expulsion of his wife from his roof, he, probably, may have caused the “ criminal fact,” which forms the gravamen of the libel.
 

 The decree must be affirmed with costs.
 

 Per Curiam. Decree dismissing the Petition affirmed with costs.