JOHN T. FINLEY v. J. W. HAYES, Sheriff.

*Sheriff—False Return—Action for Penalty—Evidence—Misjoinder of Actions—Demurrer.*

1. A mistake of fact as to the date of sale endorsed upon an execution by a sheriff, will not excuse or free him from liability for the penalty for a false return under Battle's Revisal, ch. 106, § 15.
2. Nor is a sheriff, who endorses upon an execution an application of the proceeds of a sale different from the actual application, excused from the penalty for a false return, although the actual application was proper and the false entry made by mistake or inadvertence.
3. In such case, on the trial of an action for the penalty, when the defendant sheriff offered to introduce in evidence the true returns of the proceeds of sale endorsed upon certain other executions; *Held*, that the evidence was immaterial and properly excluded.
4. An objection to the joinder of different causes of action should be taken advantage of by demurrer ; otherwise the objection is waived.

(*Albright* v. *Tapscott*, 8 Jones, 473 ; *Peebles* v. *Newsom*, 74 N. C., 473 ; cited and approved.)

CIVIL ACTION to recover a Penalty for False Return under Bat. Rev., ch. 106, § 15, tried at Spring Term, 1879, of WILKES Superior Court, before *Schenck, J.*

The defendant as sheriff of Wilkes county had in his hands divers executions against J. O. Martin and Leland Martin returnable to spring term, 1870, of the superior court, and amongst them the four executions in favor of the plaintiff described in the complaint, and also one in favor of the state for $23.15, marked as No. 188, and one in favor of John A. Parks for a large debt, marked No. 107, both of older lien to the executions of the plaintiff; and besides these there were other executions in his hands returnable to same term, not necessary to be here more particularly described.

The two executions, one in favor of the state and the other in favor of Parks, marked respectively Nos. 188 and 107, were endorsed as levied on the lands of J. O. Martin and

Leland Martin "to satisfy sundry executions," and all four of those in favor of plaintiff were endorsed with levies on the same lands and "to satisfy sundry executions."

The two tracts levied on were sold, the J. O. Martin tract on the first Monday in February, 1870, and the Leland Martin tract at the court in April, 1870; and the sheriff's return of the sale on the four executions of the plaintiff was the same of each, and in these words, "made on the first Monday in February, 1870, by sale of the lands on which this execution had been levied, the sum of $210; retained my fees and applied residue to executions Nos. 107 and 188, said executions having prior liens; no other property belonging to the defendants, J. O. and Leland Martin, found in my county."

The plaintiff's action is brought for the four penalties of $500 each for alleged falsity in the foregoing return endorsed on each of his executions in two particulars: 1. In that, the date of the sale was false. 2. In that, the application of the money was false. And issues were framed and submitted to the jury as to each particular falsity alleged.

In the course of the trial on the issues to the jury, the plaintiff amongst other testimony tending to establish the falsity in the return, introduced the returns on the two executions, one in favor of the state and the other in favor of John A. Parks, Nos. 188 and 107, referred to in the return on plaintiff's executions, which so far as material to this case are in the following words, to-wit: On No. 188—"Defendant L. Martin's land sold at the court house in Wilkesboro on the 21st day of April, 1870, for $86, out of which my fees and commissions retained; pay into office on this execution $23.15; the balance of the purchase money applied on execution No. 107. See return on said execution." On No. 107—"J. O. Martin's land sold and proceeds applied to executions of prior lien, except $2.70 which is allowed me for my fees. Sold the land of L. Martin for $86, the execution.

24

creditor being the purchaser." The jury on the issues submitted found that the return was false in fact as to the date of the sales of the land, and also as to the application of the proceeds. Judgment for plaintiff, appeal by defendant.

No counsel in this court for plaintiff.

*Mr. G. N. Folk*, for the defendant.

DILLARD, J.   On the appeal to this court the only matter for our consideration is as to the exceptions for evidence excluded, and to the charge of His Honor given and refused on the subject of false returns.

1. The stringent rule has been adopted in this state, that every return untrue in fact is a false return within our statute upon the subject of false returns, although the officer may be mistaken in the matter or insert the fact in his return by inadvertence. *Albright* v. *Tapscott*, 8 Jones, 473; *Peebles* v. *Newsom*, 74 N. C., 473.   It is immaterial that the officer had no selfish purpose to subserve, or was unmoved by an criminal intent.   If in returning to the court his action under an execution, his return is false in its facts or any of the facts touching the things done under it, he is as well exposed to the penalty of $500 denounced against a false return, as if the false facts were wilfully and corruptly inserted.

In this case the two tracts of land were certainly sold under the executions, the one on the first Monday in February, and the other at the court in April ; and the return of the defendant of a sale of both on the first Monday in February was a mistake, but yet it was a falsehood in the sense of our statute as settled by the courts, and exposed the party to the penalty.

It was therefore not error in His Honor to decline to charge the jury that a mistake of fact as to the date of the

sale would not excuse or free the defendant from liability to the penalty sued for.

2. As to the application of the proceeds of sale of the two tracts of land on which the plaintiff's executions were levied, the return of the sheriff was that he had applied the same to two executions, one in favor of the state and the other in favor of John A. Parks, numbered respectively 107 and 188, and the jury in response to an issue as to this matter found that the return was false.

On examination of the case of appeal and the two executions, Nos. 107 and 188, to which the proceeds of sale according to the sheriff's return were applied, and the other testimony in the cause, it is evident that the proceeds of sale of one of the tracts was in part applied to execution No. 188, and the residue of that fund and the entire proceeds of the sale of the other tract were not applied to No. 107, but to some other execution of prior lien; and so, as to the fact of application, the return was false in locating the proceeds on the two executions Nos. 107 and 188, by mistake or inadvertence, just as we have said it was in regard to the date of sale. And the defendant cannot acquit himself of the penalty for this false fact in his return, any more than he can for that as to the date of the sale.

3. In the course of the trial the defendant claimed that the proceeds of sale not applied to No. 188 were applied to an execution, No. 245, and to others which were returnable to fall term, 1869, and he proposed to read them and the returns endorsed thereon in evidence, but the court excluded the proof and the defendant excepted. There was no error as it seems to us in the rejection of the proposed evidence. The return of application to Nos. 107 and 188 being shown to be untrue by the return of the sheriff on those executions, and conceded to be false in the offer of the rejected evidence, it was immaterial to show the application to other executions; for, even if shown, the false fact returned of applica-

tion to Nos. 107 and 188 would still remain, and under the rigid rule adopted by our courts, the liability to penalty would still exist.

4. Besides the exception above disposed of, the defendant in his answer made objection to the joinder of counts or causes of action for distinct penalties in the same action. The court overruled the objection on the ground that the matter was apparent on the complaint and should have been taken advantage of by demurrer, and not being so done, it was waived. We concur in the ruling of His Honor and for the reason assigned by him.

It is thus seen that no error is found in the exceptions of the defendant, and so, it only remains to affirm the judgment of the court below, and this we do with reluctance, for it is evident that the untrue facts imputed to the sheriff's return were without fraud and benefit to him, and without any damage to the plaintiff. The mistake made deprived the plaintiff of no part of the proceeds of the lands sold, as the executions Nos. 107 and 188, having prior lien, were more than sufficient to absorb the entire proceeds; and it is inconceivable how it was that the defendant did not obtain leave to amend his returns so as to acquit himself of all penalty, which no doubt would have been allowed him if he had asked it. It is a very hard case on the defendant, but it is our duty to declare and apply the law as it is. There is no error.

No error.                                    Affirmed.