ALEXANDER JACKSON v. McLEAN & LEACH.

*Amendment of Process—Discretionary Power.*

A summons or other process may be amended at the discretion of the court, where the defect is of a formal character which would be waived by a general appearance or answer upon the merits of the case, provided the rights of third persons are not affected and no protection is withdrawn from the officer who served it.

(*Henderson* v. *Graham*, 84 N. C. 496, cited and approved).

MOTION by defendants to dismiss the action heard at Spring Term, 1883, of ROBESON Superior Court, before *MacRae, J.*

This was an action of claim and delivery, and the defendants' counsel, who made a special appearance for the purpose, moved to dismiss the action upon the ground of a defect in the summons, namely, that the summons issued on the 26th day of October, 1882, requiring the defendants to "appear before the judge of our superior court, to be held for the county of Robeson, at the court-house in Lumberton, on the 10th Monday ——3rd——, and answer the complaint which will be deposited in the office of the clerk of the superior court of said county, within the first three days of the said term, &c."

The next regular term of the superior court after the date of the summons, was held on the 10th Monday after the 3rd Monday in August, 1882. The motion of defendants was refused.

*Messrs. Frank McNeill* and *T. A. McNeill*, for plaintiff.

*Messrs. French & Norment* and *Rowland & McLean*, for defendants.

ASHE, J.　His Honor refused the motion to dismiss, and the record shows that the defendants excepted and appealed; but the record also shows that His Honor allowed the summons to be amended by inserting after the word "Monday," the words "after the," and after the word "third," the words "Monday in August, 1882," so as to make the summons conform to the usual and proper form.

The ruling of His Honor upon the two points appear from the record to have been contemporaneous, and it can make no difference in what order they were made.　The real question presented is, whether His Honor had the right, upon his refusal to dismiss, to allow the amendment of the record, and we think it is well settled that he had.

By section 132 C. C. P., it is provided that "the court may, before, and the judge may, after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party; or by correcting the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved."

This gives the judge in the court below very broad discretion over the subject of amendment, and this section has been construed by this court, in reference to the amendment of process like that under consideration; and it was held that whether a summons should be amended was a discretionary matter and not reviewable (*Henderson* v. *Graham*, 84 N. C., 496); from which is to be deduced the rule, in regard to the amendment of process, that any defect or omission of a formal character, which would be waived or remedied by a general appearance or answer upon the merits, may be treated as a matter which can be remedied by amendment at the discretion of the court, when the rights of other persons are not affected and no protection withdrawn from the officer.

The case falls under that rule, for here, if the defendants had appeared and answered upon the merits, the defect would have been waived; and the amendment can in no way, that we can see, affect the rights of other persons, or withdraw any protection from the officer who served the summons.

There is no error, and as the amendment was a matter within the discretion of the court below, the appeal is dismissed, with costs against the appellants.

No error. 　　　　　　　　Affirmed and appeal dismissed.