L. W. HALL et al. v. EMMA TURNER, Administratrix, et al.

*Contract—Ponding Water on Land.*

H. agreed with T. that the latter might pond water upon H.'s land by the erection of a dam of prescribed dimensions: *Held*, that T.'s rights under the contract were not exhausted by the erection of one dam, but he might maintain a dam at that place by the erection of new ones from time to time.

This was a CIVIL ACTION, tried before *Connor, J.*, and a jury, at August Term, 1892, of the Superior Court of ORANGE County. (See same case, 110 N. C., 292.)

When this cause was called for trial, the defendants, with leave of the Court, demurred to the complaint, for that the plaintiffs had in their complaint set forth several causes of action, which, under *The Code*, could not be joined. The defendants did not offer to withdraw their answers heretofore filed. The Court overruled the demurrer, and the defendants duly excepted.

There was evidence that defendants had erected two dams at the place agreed upon, one in renewal of the other, the last one having been built in 1872.

The testimony being closed, the defendants, in writing, requested the Court to instruct the jury that the plaintiffs alleging that the injury caused to them was by the dam erected under the license given in the contract dated March 13, 1873, and the plaintiffs proving and admitting that the first dam was the one erected under that contract, that plaintiff cannot recover any damage for the injury caused by the second dam, and the jury will not consider that in responding to the second issue.

The Court declined to so instruct the jury, but charged "that the right of the defendant ancestor and intestate, Evans Turner, under the contract of March 13, 1873, was not exhausted by the building of one dam, but that he had the right to keep up and maintain a dam, and if necessary to do so, to erect a second dam to the height of nine feet. And even if they should find that the first dam was erected by said Turner, and replaced ten or twelve years ago by a new dam, and that said new dam was erected at or about the same place, and pursuant to the agreement, and that said new dam exceeded a uniform height of nine feet, or ponded more water than a dam of nine feet would do, the plaintiffs would be entitled to recover such damages as their land sus-

tained by reason of such excess, and that if they so found, they should answer the second issue, fixing the annual damage."

The defendants excepted to the charge as given.

Judgment was rendered for plaintiffs, and defendants appealed.

The following is the agreement sued upon:

"Articles of agreement made and entered into this 13th day of March, 1873, between L. W. Hall, of the county of Orange and State of North. Carolina, of the one part, and Evans Turner, of the county and State aforesaid, of the other part, witnesseth, that the said L. W. Hall agrees and consents for the said Evans Turner to back water, if necessary, up into his field, on condition that the said Evans Turner will allow the said L. W. Hall as much woodland along the line fence south of the road. Said Turner is allowed to raise a dam eight or nine feet high.

This agreement to remain good so long as the said Turner keeps up a mill at the Wagoner place, afterwards to be null and void."

Witness our hands and seals the day and date above written.

L. W. HALL.    [Seal.]
EVANS TURNER.    [Seal.]

*Mr. J. W. Graham,* for plaintiffs.
*Mr. J. S. Manning,* for defendants.

PER CURIAM: Even had there been a misjoinder of causes of action, it could not have been taken advantage of by demurrer until the defendants had withdrawn their answer. *Burns* v. *Ashworth,* 72 N. C., 496; *Finley* v. *Hayes,* 81 N. C., 368.

The Court correctly ruled that "the right of the defendant ancestor and intestate Evans Turner was not exhausted by the

building of one dam, but that he had the right to keep up and maintain a dam, and, if necessary to do so, to erect a second dam to the height of niue feet."

We have considered the other exceptions, and they are also without merit.  Affirmed.