JOSEPH SWAIN v. WILLIAM J. BURDEN, Sheriff.

(Decided February 21, 1899).

*Amendment—False Return—The Code, Section 2079.*

The power of the Judges to allow amendments in process, etc., is broad, both by statute and the inherent powers of the Court, and is to be exercised, in meritorious cases, in the sound discretion of the presiding Judge, for the public good and private interest of the people.

CIVIL ACTION, for the penalty of $500, under section 2079 of The Code, instituted against the defendant as sheriff of BERTIE County for making a false return in the suit of Joseph Swain, plaintiff, v. F. A. Phelps, executrix of Asa Phelps, John Johnson and John Johnson, Jr., defendants, returnable to February Term, 1898, of the Superior Court of said county. The originnal return upon the summons was as follows:

"Received November 13th, 1897; served February 10th, 1898, by reading to each defendant.

(Signed) W. G. BURDEN,
*Sheriff of Bertie County.*
By W. J. BURDEN,"

The defendants appeared at February Term, 1898, and obtained time to file pleadings.

At Spring Term, 1898, which commenced on the 2d of May, the Sheriff, W. G. Burden, had entered a motion to amend the return upon the summons, and substitute therefor the following:

Served December 4th, 1897, on John Johnson, and served December 13th, 1897, on John Johnson, Jr., and on

February 11th, 1898, the said summons was read to Mrs. Frusie A. Phelps, executrix of Asa Phelps, by Robert J. Shields, to whom my deputy, W. J. Burden, had sent the same.

W. G. BURDEN, *Sheriff.*

By W. J. BURDEN, *D. S.*

The motion to amend was supported by the affidavits of Sheriff Burden and his deputy, W. J. Burden, and was continued until November Term, 1898, when it was heard before *Norwood, J.*

On May 3d, 1898, the plaintiff, Joseph Swain, issued the summons against the Sheriff, which was served May 11th, 1898, returnable to September Term following.

His Honor, Judge Norwood, upon consideration, allowed the motion.

The plaintiff excepted and appealed.

*Messrs. Martin & Peebles,* for plaintiff (appellant).
*Mr. Francis D. Winston,* for defendant.

FAIRCLOTH, C. J. This is an action against the defendant as Sheriff for the penalty of $500 for a false return, as provided in The Code, section 2079. After the action was begun, the defendant, on affidavits, moved the Court to be allowed to amend his return so as to speak the truth. The motion was allowed and the plaintiff appealed.

The only matter for this Court is the power of the Superior Court Judge to allow the amendment to be made. The power of the Judges to allow amendments in process, etc., is broad, both by statute and the inherent power of the Court. The experience of every lawyer demonstrates the propriety and policy of the exercise of such power in many cases. Without

124—2

it, justice would often suffer and the rights of litigants would be sacrificed. The necessity of such power grows out of business transactions of men and their liability to make mistakes and oversights. The public good and private interest of the people justify and require the lodgment of such power in the Court, and experience has so demonstrated.

All will agree that in meritorious cases the power should be exercised. We must assume that the power will be used only in proper cases, and in all others it will be withheld. Who can better discriminate than the presiding Judge? We think from the authorities and the reason of the matter, that the discretionary power must always be present with the presiding Judge. Judges, like all other citizens, are amenable for any abuse of their powers or misconduct, and we like to assume that their duties will be performed faithfully and honestly.

This question has been so often under review, as appears from the citations under section 2079 of The Code, that we find nothing new to add to what has been said . In the recent case of *Stealman v. Greenwood,* 113 N. C., 355, and the cases noted therein, the question is well considered and decided.

Affirmed.