This is a civil action and the summons was issued on 20 December, 1941, and the defendants designated therein as "F. L. Hoff and Mrs. F. L. Hoff." At the time the summons was issued, the plaintiff made application for an extension of time to file complaint and stated in said application the nature and purpose of the action, to wit: "To collect a note due by defendants for $400.00 and interest from Dec. 21, 1931, given Commercial National Bank of Raleigh and now owned by plaintiff."
The additional facts pertinent to this appeal are set out in the judgment entered by the court below, as follows:
"This cause coming on to be heard before the undersigned Judge at the February Civil Term of the Wake County Superior Court upon the defendants' motion to dismiss which was made in a Special Appearance as appears in the record, the plaintiff having waived his rights to object to the hearing of the motion because of insufficient notice of the hearing and having asked permission of the Court to resist the motion and offer evidence in support of his contention the Court heard the motion and the plaintiff's evidence.
"The Deputy Sheriff, R. M. Saunders, who served the summons in this action, was sworn at the hearing as a witness and testified that he was the officer who served said summons; that the summons, entitled `H. J. Lee v. F. L. Hoff and Mrs. F. L. Hoff,' which appears in the record was actually served on the defendants, F. T. Hoff and wife, Mrs. F. T. Hoff; that he made the return on the summons indicating that the same was served on F. L. Hoff and wife, Mrs. F. L. Hoff; that his return was incorrect and that in fact he did serve the summons on F. T. Hoff and wife, Mrs. F. T. Hoff. There was no evidence to the contrary. *Page 235 
"The Court, therefore, finds as a fact that the summons set out in the record was, on December 22, 1941, duly served by R. M. Saunders, a Deputy Sheriff of Wake County, on the defendants, F. T. Hoff and wife, Mrs. F. T. Hoff, by delivering a copy of said summons, a copy of the application of extension of time to file a complaint and a copy of the order extending the time for filing the complaint which appear in the record, to each of said defendants. The Court further finds as a fact that within the time allowed by the order extending time to file the complaint and on the 8th day of January, 1942, the plaintiff filed his complaint in this action in which the defendants were designated as Mrs. F. T. Hoff, F. T. Hoff.
"At the hearing the plaintiff moved that he be permitted, within the discretion of the Court, to amend the summons to conform with the complaint so as to show that the names of the defendants who were actually served with summons were F. T. Hoff and Mrs. F. T. Hoff, and further moved that the Court, within its discretion, permit him to amend the return of the Sheriff on said summons so as to show that the said summons was served on F. T. Hoff and Mrs. F. T. Hoff.
"The Court holds that the amendments requested by the plaintiff do not substantially change the nature of the cause of action, and that the plaintiff is entitled to have said amendments made and the Court, in its discretion, allows said amendments, and the Court denies the motion of the defendants, F. T. Hoff and Mrs. F. T. Hoff, to dismiss the action upon the grounds stated in their motion, and holds that said defendants are required to file answer to the complaint which was filed in connection with the summons that was served on the 22nd day of December, 1941, and that no new summons is necessary in this action to bring the defendants into Court. The defendants are allowed 30 days from the date of this judgment to file answer to the plaintiff's complaint.
"This February 12, 1942.
LEO CARR, Judge Presiding."
From the foregoing judgment the defendants appeal to the Supreme Court and assign error.
The defendants were properly served but in the wrong name; and through counsel, they entered a special appearance and moved to dismiss the action for want of jurisdiction.
The first and second exceptions are to the action of the court in permitting, in its discretion, the deputy sheriff to testify on whom he *Page 236 
actually served the summons and to granting of the motion of the plaintiff to amend the summons to conform to the complaint so as to show that the names of the defendants who were actually served with summons were F. T. Hoff and Mrs. F. T. Hoff; and, to permit the return of the sheriff on said summons to be amended accordingly.
An officer does not have the right to amend his return to a summons after the return is filed, but the court, under its discretionary power, in meritorious cases may grant him leave to do so. Luttrell v. Martin,112 N.C. 593, 17 S.E. 573; Campbell v. Smith, 115 N.C. 498,20 S.E. 723; Swain v. Burden, 124 N.C. 16, 32 S.E. 319.
In the case of Luttrell v. Martin, supra, the Court said: "It is admitted that the summons had been served on the agent of the defendant corporation February 23, 1892, but the return of the Sheriff was unsigned, though indorsed in proper form on the summons. The Judge did not exceed his powers, but exercised them properly in permitting the Sheriff to sign the return nunc pro tunc. Clark v. Hellen, 23 N.C. 421; Henderson v. Graham,84 N.C. 496; Walters v. Moore, 90 N.C. 41; Williams v. Weaver,101 N.C. 1."
The decisions of our Court are in harmony with the general rule in this respect as set forth in 21 R. C. L., 1329, Process, sec. 77: "As the return of an officer is merely his answer touching what he is commanded to do by the writ, and as this answer is evidence, and generally the only admissible evidence, of the officer's proceedings, unless it is directly impeached, it ought to be true as well as certain, and if not true, the officer ought to be permitted on proper application to make it conform to the facts. Hence, it is laid down that the return may, in general, be amended so far as necessary to make the record properly exhibit the facts. As long as the return continues within the officer's control, he has full power to amend it as he thinks proper, if there are no intervening rights which will be affected; but after the return is filed it cannot be amended without leave of court, and, according to some decisions, notice to the adverse party. . . . Amendments of this description are not granted as a matter of right. The Court is bound in every case to exercise a sound discretion, and to allow or disallow an amendment as may best tend to the furtherance of justice."
These exceptions cannot be sustained.
The other exceptions are to the conclusions of law that the original summons was sufficient to bring the defendants into court, and to the entering of the judgment as appears of record. These exceptions are likewise untenable.
The discretionary powers exercised by his Honor, in allowing the amendments and entering the judgment to which defendants except, were in accordance with the authority contained in C. S., sec. 547, and the decisions of this Court. Lane v. R. R., 50 N.C. 25; Henderson v. *Page 237 Graham, supra; Jackson v. McLean, 90 N.C. 64; Bray v. Creekmore,109 N.C. 49, 13 S.E. 723; Rosenbacher v. Martin, 170 N.C. 236,86 S.E. 785; Fountain v. Pitt County, 171 N.C. 113, 87 S.E. 990; Gordon v.Pintsch Gas Co., 178 N.C. 435, 100 S.E. 878; Clevenger v. Grover,212 N.C. 13, 193 S.E. 12.
Unquestionably the crux of this case is the answer as to when the amended summons became effective. Was it from the date of amendment or did it relate back to the commencement of the action? The authorities sustain the position that the amended summons relates back to the commencement of the action unless the amendment changes the cause of action or brings in new parties, in which event the amendment is effective only from the date it was granted.
In 21 R. C. L., 1331, Process, sec. 80, the effect of amendment is given as follows: "The amendment, even when made at a subsequent term, relates back to the original return and dates from it. As a general rule such an amendment will not be permitted to affect injuriously the rights of third persons which have attached in the meantime, and which were acquired on the faith of the verity of the original return. In case it will have this effect it will either be disallowed altogether, or it will be allowed an effect, as to them, only from the time it is made."
In the instant case, the rights of third parties are not involved.
37 Corpus Juris, p. 1063, Limitation of Acts, sec. 496: "Where an action is brought against a party in the wrong name or capacity, an amendment correcting such mistake does not introduce a new cause of action, and the statute of limitations runs only to the commencement of the suit, and not to the allowance of the amendment," citing Fountain v. Pitt County, supra, and further it is there said in sec. 506: "Where the substitution of parties defendant by amendment does not change the cause of action, the statute of limitations stops running as to the substituted defendant at the commencement of the action. If a new cause of action is set up by the amendment, the running of the statute is not suspended until the amendment."
50 Corpus Juris, p. 606, Process, sec. 359: "An amendment of process will ordinarily be deemed to relate back to the time of the commencement of the suit, validating all acts done under the process, although in some jurisdictions, a reservice of the process is required," citing Calmes v.Lambert, 153 N.C. 248, 69 S.E. 138, which opinion holds: "A summons issued to another county, but not attested by the seal of the Court of the county issuing it, as provided by Revisal, sec. 431, may have the defect removed by amendment on application to the proper tribunal, both as to original and final process, and the amendment, when made, will validate all acts done under the process, in so far as it affects the original parties to the suit or record," and further it is there said, in sec. 365, Amendable Defects: ". . . Defects not affecting the jurisdiction may be *Page 238 
amended, as, for example, by adding or correcting the signature of the officer, or by showing that he served process as a private individual, by alleging that other acts required by the statute were done in making service, by adding further specifications as to the copy delivered, by correcting the name of defendant, or including the names of defendants actually served," citing Grady v. R. R., 116 N.C. 952, 21 S.E. 304.
In Lane v. R. R., supra, summons was issued against The Portsmouth and Roanoke Railroad Co., and served on a director of the Seaboard and Roanoke Railroad Co. Motion was to amend by striking out "The Portsmouth and Roanoke Railroad Co.," and substituting therefor "the Seaboard and Roanoke Railroad Co." The Court said: "In the present case, a summons was served upon the corporation in a wrong name, by service on one of the directors of the corporation. We cannot distinguish it in principle from process served on any other defendant in a wrong name. If the Court have power to amend in the latter case, as it undoubtedly has, we are unable to comprehend the force of the argument which would deprive it of power in the latter. When created, corporations become persons — bodies politic it is true — but still persons, and when the power of suing and the liability to be conferred and imposed under the same rules, regulations and restrictions which apply to natural persons, with such modifications only, as their peculiar nature makes necessary."
In the above case the court allowed the substitution of the correct name for the wrong name, and there was no defendant to give the court jurisdiction except the defendant corporation which had been served in the wrong name.
In Jackson v. McLean, supra, there was a special appearance and motion to dismiss on the ground that there was no return date fixed in the summons. The Court, in discussing the statute permitting amendments to pleadings, process or proceeding, said: "In regard to the amendment of process, that any defect or omission of a formal character, which would be waived or remedied by a general appearance or answer upon the merits, may be treated as a matter which can be remedied by amendment at the discretion of the court, when the rights of other persons are not affected and no protection withdrawn from the officer."
In the case of Chancey v. R. R., 171 N.C. 756, 88 S.E. 346, there was a motion to dismiss for want of service. The court permitted an amendment to the original summons by striking out the word railroad and substitutingrailway, and made an order that an alias summons be issued and served upon the Norfolk and Western Railway. The Court said: "Allowing the amendment to the summons was a matter within the sound discretion of the judge. The summons had been served on the agent of the Norfolk and Western Railway. The original summons was directed to the Norfolk and Western Railroad. His Honor very properly allowed the amendment. As the Court ordered an alias
summons, *Page 239 
no question of jurisdiction or venue arises now." In ordering an alias, the Court recognized the validity of the original process.
In the case of Fountain v. Pitt County, supra, the plaintiff brought his action on 18 April, 1912, against the board of commissioners of the county of Pitt. The defendant demurred on the ground that the statute provided that a county must "sue and be sued in the name of the County." Demurrer was overruled and the court directed Pitt County be made a party. Summons was issued for the county 18 May, 1914. On plaintiff's appeal the Court said: "Our statute in regard to amendments is very broad. `The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleadings, process, or proceeding by adding or striking out the name of any party, or by correcting a mistake inthe name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved.' The object of our present system of procedure is to try cases upon their merits, regardless of those technicalities which do not promote but defeat justice, at the same time preserving the substantial rights of parties. . . . But we put our decision on the broad ground that this was in effect, and from the beginning, an action against the county, and the misnaming of the defendant could not have misled the defendant as to the nature of the action or as to the party who was sued. Judge Daniels took the right view of the matter when he allowed the amendment. We do not think, though, that fresh process against the county was necessary to carry out that view. The original process had already been properly served and was sufficient to bring the county into court, and the amendment, as to the name, if necessary at all, was only so for the sake of conformity in process and pleadings."
The judgment below is
Affirmed.