SIMMONS *v.* WILLIAMS.

RODOLPH SIMMONS AND WIFE, BONNIE DELL SIMMONS V.
PAUL WILLIAMS AND WIFE, GLADIE WILLIAMS.

(Filed 14 October, 1959.)

**1. Arbitration and Award § 7—**

An award of an arbitrator made in conformity with and pursuant to the agreement of the parties is conclusive and binding in the absence of fraud or mutual mistake.

HIGGINS, J., not sitting.

APPEAL by defendants from *Mintz, J.,* at April, 1959 Term, of DUPLIN.

Civil action commenced by plaintiffs in Superior Court of Duplin County, North Carolina, for the purpose of restraining defendants from entering or trespassing upon lands alleged to be owned by plaintiffs, and to recover damages for wrongful destruction of plaintiffs' wire fence. The defendants, answering, denied the material allegations of plaintiffs' complaint.

And the record shows that thereafter the parties and their respective attorneys of record entered into agreement, in writing and by consent, wherein both parties, desiring that the matters in controversy be terminated and their differences and contentions be settled, agreed that one J. W. Waters, in whose judgement they had utmost confidence, should go upon the lands in controversy and establish the boundary between the lands of the parties and determine the amount of damages to be assessed against either party as in his judgment he deemed just and proper, — both parties agreeing to be bound by the determination of the said J. W. Waters, and to truly execute judgment, by consent, embodying such determination.

It appears of record that pursuant thereto J. W. Waters made determination and report, to which defendants filed objection. But upon hearing before Judge of Superior Court, attorney for defendants stated in open court that defendants did not desire to attack the report of the said J. W. Waters on either the grounds of fraud, or of mutual mistake, and did not have, or intend to offer, evidence of either.

And upon facts found the Judge presiding concluded that the motion and objection of defendants be denied and dismissed; and that the said report of J. W. Waters be in all respects approved, confirmed and declared to be valid and enforceable as between the parties thereto, and that it be certified by the Clerk of Superior Court of Duplin County to the Register of Deeds of Duplin County and enrolled; re-

corded, and indexed in the Registry in the manner provided by law. Defendants except thereto and appeal to Supreme Court, and assign error.

*Beasley & Stevens for plaintiffs, appellees.*
*William F. Simpson for defendants, appellants.*

PER CURIAM: In the light of the factual situation hereinbefore set forth it appears that the parties have by consent agreement charted the course and, in the absence of fraud or mutual mistake, the award made pursuant to the agreement of the parties is final and binding.

Hence the judgment below is

Affirmed.

HIGGINS, J., not sitting.