## JIMMIE THOMAS GREGORY v. EDWIN COTHRAN.

(Filed 11 November, 1964.)

Trial § 5—

A solemn stipulation of counsel incorporated by the court in its order that plaintiff should recover a stipulated sum for digging a well on defendant's land if a designated party certified, after test, that the well had a stipulated flow of water, is binding on the parties, and judgment for plaintiff entered in accordance with these stipulations and procedure is proper.

APPEAL by defendant from *Hobgood, J.,* 27 July 1964 Civil Session of PERSON.

Civil action to recover $2,236.50 for drilling a well on defendant's property pursuant to an oral contract entered into between the plaintiff and the defendant. Plaintiff alleges in his complaint in substance that the contract was entered into on 15 February 1963, and that by its terms he was to drill a well on defendant's property at a price of $4.50 a foot. Between 19 February 1963 and 8 July 1963 he drilled a well on defendant's property to a depth of 497 feet, and furnished in connection thereto necessary well casing and other material. The amount due for drilling the well is $2,236.50, none of which has been paid, though demand therefor has been made.

Defendant in his answer admitted that he entered into an oral contract with plaintiff to drill a well on his property. In further answer and as a defense he alleges in effect the plaintiff told him he would not be required to pay for the well unless it had and maintained a sufficient amount of water to furnish his home with an adequate supply of water. The hole drilled in the ground by plaintiff did not reach sufficient water for its use as a well. He alleges a counterclaim in substance that plaintiff in drilling the well used dynamite, and blasts from dynamite cracked the walls of his home and broke out window panes causing damage in the amount of $225.

This action came on to be heard at May 1964 Civil Session of Person County superior court before McKinnon, J., and defendant by his counsel stipulated that plaintiff drilled a well on his property, and he is willing to pay the contract price for the well, if the well will now produce a flow of water equal to one gallon per minute. Whereupon, plaintiff and defendant by their counsel agreed and stipulated that the well may be tested by Heater Well Company, who shall make a report of its findings, and if its findings are that the well will produce a flow of water equal to one gallon per minute under then prevailing conditions, defendant has agreed to pay plaintiff the amount he demands. Judge McKinnon entered an order putting the agreement and stipulation of

the parties into effect, and in his order decreed that Heater Well Company should make the test to determine the flow of water in the well, after five days' notice to the parties, so they could be present, if they desired, and make a report of its findings to the court, and if the well will produce a flow of water equal to one gallon per minute under then prevailing conditions, plaintiff is to have and recover of defendant the amount prayed for in the complaint. To this order defendant did not object or except.

Heater Well Company on 17 June 1964 made its written report to the court, in which it stated: "This is to certify that we have bailed the well owned by Mr. Ed Cothran of Roxboro, North Carolina, for 1½ hours to reach the bottom of the well or a constant head. After reaching this point we have bailed the well for 1½ hours and find it has a capacity of 2.75 gallons of water per minute, for a period of 1½ hours."

On 22 June 1964 the attorney for defendant made a motion that a submersion pump be placed in the well to test the flow of water therein, that this is an accurate method of testing the flow of water in a well, and that the bailing process used by Heater Well Company is not.

On 24 June 1964 plaintiff made a motion praying the court to deny defendant's motion and to render a judgment for plaintiff in the amount of $2,236.50. On the same day Judge McKinnon, presiding over a session of court in Person County, denied defendant's motion for a further test, and continued plaintiff's motion for judgment until the July session of court. Defendant excepted.

At the 27 July 1964 Civil Session, Judge Hobgood made findings of fact that the parties had entered into the agreement and stipulation before Judge McKinnon, as set forth above, that Judge McKinnon had entered an order at the May Session 1964 as above set forth, and that the Heater Well Company had made the report as quoted *verbatim* above, and based upon his findings of fact he ordered that plaintiff have and recover of defendant the sum of $2,236.50, with interest, and the costs. Judge Hobgood in his judgment denied a motion made by defendant to order Heater Well Company to make another test of the flow of water in the well under regulations prescribed by him.

From this judgment defendant appeals.

*Ramsey, Davis & Long by James E. Ramsey for defendant appellant.*
*Melvin H. Burke for plaintiff appellee.*

PER CURIAM. Litigation in court is generally conducted by counsel. The judicial or solemn agreement and stipulation made by defendant by his counsel in open court before Judge McKinnon is conclusive and

binding upon him, in the absence of fraud and mutual mistake, and neither fraud nor mutual mistake is suggested. *Simmons v. Williams*, 251 N.C. 83, 110 S.E. 2d 487; *In re Estate of Reynolds*, 221 N.C. 449, 20 S.E. 2d 348; *Farmer v. Wilson*, 202 N.C. 775, 164 S.E. 356; Stansbury, N. C. Evidence, 2d Ed. §§ 166 and 171. Judge McKinnon incorporated this judicial or solemn agreement and stipulation in his order set forth above, and to this order defendant did not object or except. Consequently, the judgment entered by Judge Hobgood in strict accord with defendant's judicial or solemn agreement and stipulation in open court, which is incorporated in Judge McKinnon's order, and based upon the report of Heater Well Company, is final and binding on defendant.

Defendant's assignments of error are overruled. The judgment below is

Affirmed.