IRVIN RAY QUINN AND WIFE, LAURA QUINN v. ROWENA THIGPEN AND VIOLA QUINN, GUARDIAN AD LITEM FOR NORMA RAY QUINN, MINOR, AND COLON KELLY QUINN AND WIFE, DOTTIE QUINN.

(Filed 23 March, 1966.)

**1. Vendor and Purchaser § 4; Registration § 1—**

One who has a contractual right to compel another to convey is, upon the recordation of the contract, accorded the same protection as a grantee in a recorded deed.

**2. Boundaries § 9—**

　　A contract obligating the vendor to convey a 20-acre tract in a named township, the contract being executed in a county embracing such township, together with a stipulation that the lands referred to were identical with those described in a certain deed duly registered at a specified page and book, *held* a sufficient description to permit location by parol.

**3. Trial § 6—**

　　Pretrial stipulations duly entered into by the parties are binding upon them.

**4. Vendor and Purchaser § 4;　Husband and Wife § 11—**

　　A separation agreement making a division of personal and real property between the parties and providing that the tract of land alloted to the husband should be his for the term of his natural life and at his death the said land should be conveyed or devised or should vest in fee simple in the children of the marriage, *is held* to impose a contractual obligation on the husband to vest a fee simple title in the children at or prior to his death, which contract the children may enforce as the third party beneficiaries.

MOORE, J., not sitting.

APPEAL by Guardian *Ad Litem* from *Hubbard, J.,* in Chambers in DUPLIN on October 16, 1965.

This action as originally instituted sought to compel Rowena Thigpen to purchase and pay for a tract of land in Limestone Township, Duplin County. Plaintiffs alleged a written contract binding them to sell and convey the land in fee simple for $14,000, tender of a deed sufficient to comply with their obligation under the contract, and defendant's refusal to accept the deed and pay the purchase money.

Defendant answered admitting the contract and tender of a deed sufficient in form to convey an estate in fee, but which, she averred, would not convey an estate in fee because, by written agreement between male defendant and his former wife, male defendant had limited his estate in the land to one for his life, with a vested right in remainder in Colon Kelly Quinn and Norma Ray Quinn. Colon Kelly Quinn and his wife, Dottie Quinn, and Norma Ray Quinn were by order of court made parties defendants. Because of their minority, Viola Quinn was appointed as guardian *ad litem.*

Viola Quinn as guardian *ad litem* filed an answer in which she alleged: Irvin Ray Quinn and Viola Quinn, husband and wife, in 1955, 1956 and 1957 executed separation agreements, therein agreeing to live separate and apart and to a division of all of the properties owned by them.

The parties waived a jury trial. They stipulated facts, *inter alia,* that Irvin Ray Quinn and his wife, Viola Quinn, had in 1955,

1956 and 1957 executed the separation agreements, copies of which were attached to the guardian *ad litem's* answer.

Each agreement provided the parties should from the date of the agreement live separate and apart. Each contained an article designated as Fifth, reading:

"FIFTH: The parties hereby agree as a mutual division of their property, that Viola J. Quinn, party of the first part, the wife, shall have as her own in fee all . . . (enumerated articles of personalty) and said wife shall hold and own in fee a 30 acre tract of woodland in Limestone Township, to have and to hold unto her said Viola J. Quinn and her heirs and assigns forever in fee simple. That husband Irvin Ray Quinn shall own and have in fee . . . (personalty) and shall have during the term of his natural life a certain farm containing 20 acres, in Limestone Township, and at his death said lands shall by him be conveyed, devised, or shall vest in fee simple in his said children Colon Kelly Quinn and Norma Ray Quinn and their heirs and assigned *(sic)* in fee forever, to have and to hold the same to them and their heirs and assigns forever."

The parties also stipulated:

"9. It is further stipulated and agreed that the lands set forth and referred to in the complaint are the same and identical lands set forth and described in a deed from Dunnie Lanier to Irvin Quinn, dated January 12, 1937, and recorded in Book 394, at Page 228, Duplin County Registry, and being the same lands referred to in these Stipulations, which is the only real property owned by said Irvin Ray Quinn in Limestone Township, Duplin County, North Carolina, on the date of said deeds of separation, namely, the 22nd day of August, 1955; the 30th day of March 1956; and the 6th day of November 1957."

A specific description by metes and bounds of the land described in the contract to convey and the pleadings is also stipulated.

In addition to stipulating facts, it was stipulated that the court should, acting as a jury, answer issues formulated by the parties, as follows:

"1. Do the deeds of separation, marked Exhibit "B-1"; "B-2"; and "B-3" of the stipulations, vest in Colon Kelly Quinn and Norma Ray Quinn a remainder in fee simple subject to the life estate of the plaintiff, Irvin Ray Quinn, in the lands referred to in the complaint and described in Paragraph Two of the stipulations?

"2. Are the plaintiffs entitled to specific performance against the defendant, Rowena Thigpen, under the contract of purchase designated as Exhibit "A" in the stipulations?"

The court answered the first issue No, and the second issue Yes.

Based on the facts stipulated and the court's answers to the issues formulated by the parties, the court adjudged Colon Kelly Quinn and Norma Ray Quinn had no interest in the lands referred to in the complaint, and the plaintiffs were entitled to specific performance of the contract by the defendant Rowena Thigpen. To this judgment the guardian *ad litem* and the minors excepted and appealed.

*Russell J. Lanier for plaintiffs, appellees.*
*Henry L. Stevens, III, for defendant appellant.*

RODMAN, E.J.   One who has a contractual right to compel another to convey is, upon the recordation of the contract, accorded the same protection as a grantee in a recorded deed. G.S. 47-18; *Chandler v. Cameron*, 229 N.C. 62, 47 S.E. 2d 528, 3 A.L.R. 2d 571; *Winston v. Lumber Co.*, 227 N.C. 339, 42 S.E. 2d 218; *Combes v. Adams*, 150 N.C. 64, 63 S.E. 186. Here, the instrument under which the minors claim was recorded prior to the contract between plaintiff and defendant Thigpen. The only question for determination is, did the separation agreements under which the minors claim create an enforceable right to vest title in an adequately described parcel of land at or prior to the father's death?

We consider first the adequacy of the description. If the description of the property which plaintiff, Irvin Ray Quinn, husband and father, acquired free of claims of his wife, is limited to the words "one White truck and Brown trailer and . . . a certain farm containing 20 acres in Limestone Township," there would be merit in the plaintiffs' contention that the contract would not suffice to describe any property, and hence could not be specifically enforced. But these are not the only words used to describe the property to be conveyed. The parties, husband and wife, when they signed the agreements of separation expressly stated that they intended to divide their properties. The wife received, in addition to the 30 acres of woodland, household and kitchen furniture and a 1954 Plymouth automobile. The husband received a truck, trailer, trucking equipment, and the 20-acre farm. The deed bears the caption "Duplin County." The real estate is said to be in Limestone Township. It is a fair inference that the real estate is in Limestone Township in Duplin County. Additionally, the parties stipulated: "(T)he lands

set forth and referred to in the complaint are the same and identical lands set forth and described in a deed from Dunnie Lanier to Irvin Quinn, dated January 12, 1937, and recorded in Book 394, at page 228 . . . which is the only real property owned by said Irvin Ray Quinn in Limestone Township, Duplin County, North Carolina, on the date of said deeds of separation, namely, the 22nd day of August, 1955; the 30th day of March 1956; and the 6th day of November, 1957."

Since husband and wife were dividing all of their properties and they owned only one 20-acre farm in Limestone Township, the description given in the separation agreements was sufficient to permit location by parol. The description is sufficient for a binding contract to convey. *Self Help Corporation v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889, and cases there cited; *Lane v. Coe,* 262 N.C. 8, 136 S.E. 2d 269, and cases there cited.

The parties have stipulated that the lands described in the contract between plaintiff Irvin Ray Quinn and defendant Thigpen is the identical 20 acres described in the separation agreements. That stipulation is binding. *Burkhead v. Farlow,* 266 N.C. 595, 146 S.E. 2d 802.

The only question left for determination is: Did the separation agreements contain a provision binding on the father to vest title to the 20-acre farm in his children, minor defendants?

The separation agreements do not purport to convey an estate in remainder to the minor children, but they do impose a contractual obligation on the father to vest a fee simple title in his children at or prior to his death. If this contract had been made between father and child, there could be no doubt about the right of a child, a party to the contract, to enforce a conveyance at the time it was agreed title should vest. *Clark v. Butts,* 240 N.C. 709, 83 S.E. 2d 885; *Chambers v. Byers,* 214 N.C. 373, 199 S.E. 398; *Fawcett v. Fawcett,* 191 N.C. 679, 132 S.E. 796.

The separation agreements by express language make the children beneficiaries of those contracts. As such, they have vested rights and can maintain an action for a declaration of those rights. *Potter v. Water Co.,* 253 N.C. 112, 116 S.E. 2d 374; *Brown v. Construction Co.,* 236 N.C. 462, 73 S.E. 2d 147; *Chambers v. Byers, supra;* Annotations: 2 A.L.R. 1193, 33 A.L.R. 739, 73 A.L.R. 1395; 17A C.J.S., Contracts, § 519(3). The equitable right which the minor defendants have to require, at the time agreed upon, specific performance of their father's contract to vest title in them relieves the defendant Thigpen from any obligation to purchase.

Reversed.

MOORE, J., not sitting.