DOROTHY FORD CROWDER v. RANDY JENKINS, DEPUTY SHERIFF, AND DAMON HUSKEY, SHERIFF OF RUTHERFORD COUNTY, NORTH CAROLINA

No. 7129DC90

(Filed 28 April 1971)

1. **Process §§ 4, 5— action to recover penalty for false return — prejudicial admissions — amendment of return**

   A judicial admission by a sheriff and his deputy that the return on a show-cause order was untrue in fact precludes them from thereafter amending the return.

2. **Process § 4— what constitutes a false return**

   A return untrue in fact is a false return within the meaning of the statute allowing recovery of a penalty for a false return. G.S. 162-14.

3. **Rules of Civil Procedure § 8— admissions in pleadings — stipulations**

   Admissions in the pleadings and stipulations by the parties have the same effect as a jury finding; the jury is not required to find the existence of such facts; and nothing else appearing, they are conclusive and binding upon the parties and the trial judge. G.S. 1A-1, Rule 8(d).

APPEAL by plaintiff from *Gash, District Court Judge,* 2 September 1970 Session of District Court held in RUTHERFORD County.

This action was brought to recover damages and the penalty of $500 under G.S. 162-14 against Randy Jenkins and Damon Huskey, Deputy Sheriff and Sheriff of Rutherford County, North Carolina, respectively (defendants), for making a false return on a show-cause order issued by a judge of the district court and directed to plaintiff. The show-cause order was issued in the case of "Dorothy Ford Crowder, Plaintiff v. James Thomas Crowder, Defendant" at the instance of the defendant. In it Dorothy Ford Crowder (Mrs. Crowder) was ordered to appear in district court on 9 June 1969 and show cause why she should not be punished as for contempt of court for wilfully disobeying a court order issued therein relating to the custody of the children of the parties. (When Mrs. Crowder did not appear as directed in the order, the sheriff was ordered to take her into custody.) The return of the sheriff on the order to show cause (marked plaintiff's Exhibit "B") reads: "Served a copy of this Order on the plaintiff, Dorothy Ford Crowder this 4 day of June, 1969. s/ Randy Jenkins, Deputy Sheriff." During the course of the trial of the case at bar, the court allowed defendant's motion to amend this return by adding after the name of Mrs. Crowder the following: "By delivering a copy to her husband James Thomas Crowder."

In paragraph five of the complaint plaintiff alleged:

"5. That thereafter the said Randy Jenkins, deputy sheriff as aforesaid, returned said order to the District Court marked served by delivering a copy thereof to this plaintiff as shown by copy of said return marked Exhibit 'B' attached hereto and made a part hereof."

Defendants answered this paragraph of the complaint by saying "(t)hat Paragraph Five of the Complaint is admitted."

In paragraph eight of the complaint it is alleged:

"8. That the said Randy Jenkins did not serve the original order of the District Court upon this plaintiff and that this plaintiff had no knowledge whatsoever that any order had been issued directing her to appear in the District Court at the time and place therein mentioned, the return on said order being a false return by the said Randy Jenkins, deputy sheriff."

Defendants answered this paragraph of the complaint as follows:

"8. In answer to Paragraph Eight, it is admitted that Randy Jenkins did not serve the original Order of Court upon the plaintiff. However, Randy Jenkins had just joined the Sheriff's Department and made a mistake and served the Order of Court on the defendant and not on the plaintiff in the custody suit, thinking that he had served the right person. That this was a mistake of Randy Jenkins, due to inexperience, was discovered by Deputy Sheriff Russell Duncan, an experienced officer, and the matter was taken care of without any arrest of this plaintiff. Defendants do not have sufficient information to ascertain the truth or falsity of the other allegations contained in Paragraph Eight and therefore denies same."

At a pretrial conference the parties stipulated, among other things:

"(a) At all times mentioned in the complaint defendant Damon Huskey was Sheriff and the defendant Randy Jenkins was Deputy Sheriff of Rutherford County.

(b) The order in the case of Dorothy Ford Crowder against James Thomas Crowder dated June 4, 1969 was not delivered to Dorothy Ford Crowder, and the return dated June 4, 1969 showing that it was delivered to Dorothy Ford Crowder was not correct."

A jury trial was demanded, and at the trial the judge submitted the following four issues to the jury:

"1. Did defendant make a false return as alleged in the Complaint?

ANSWER: _____

2. If so, what amount of penalty under G.S. 162-14 is the plaintiff entitled to recover of the defendant, Damon Huskey?

ANSWER: _____

3. Was plaintiff damaged as a result of the wrongful acts of the defendants as alleged in the complaint?

ANSWER: _____

4. What amount of damages, if any, is plaintiff entitled to recover of the defendants?

ANSWER:_____"

From a jury verdict answering the first issue "No" and leaving unanswered the last three issues, the plaintiff appealed, assigning error.

*Jones & Jones by B. T. Jones and Robert Jones for plaintiff appellant.*

*Hamrick & Hamrick by J. Nat Hamrick for defendant appellees.*

MALLARD, Chief Judge.

[1] Plaintiff assigns as error the allowance by the court of the defendants' motion made during the trial to amend the sheriff's return in question. According to its location in the record on appeal, this motion was made and allowed at the close of all the evidence.

The pertinent part of G.S. 162-14, the statute upon which this action is based, reads as follows:

"For every false return, the sheriff shall forfeit and pay five hundred dollars, one moiety thereof to the party aggrieved and the other to him that will sue for the same, and moreover be further liable to the action of the party aggrieved, for damages."

When enacted in the year 1777, this portion of the statute read as follows:

" * * * (A)nd for every false return the sheriff shall forfeit and pay fifty pounds, one moiety thereof to the party grieved, and the other moiety to him or them that will sue for the same; to be recovered with costs, by action of debt, bill, or plaint, in any court of record, and moreover be further liable to the action of the party grieved for damages * * * ."

Very little change has occurred in the wording of this statute over the years. In fact, since the Revised Code of 1854, the only change made in this portion of the statute changed the word "grieved" as used therein to "aggrieved" as used in the

present statute. The Supreme Court held in the case of *Manufacturing Co. v. Buxton*, 105 N.C. 74, 11 S.E. 264 (1890), that the correct procedure under this statute to recover the penalty from a sheriff for making a false return was by civil action.

It is established law in North Carolina that the court has the discretionary power, in proper cases, to allow a sheriff to amend his return of process to speak the truth, even though the amendment will defeat the penalty for a false return. *Lee v. Hoff*, 221 N.C. 233, 19 S.E. 2d 858 (1942); *State v. Lewis*, 177 N.C. 555, 98 S.E. 309 (1919); *Swain v. Burden*, 124 N.C. 16, 32 S.E. 319 (1899); *Stealman v. Greenwood*, 113 N.C. 355, 18 S.E. 503 (1893). In *Swain v. Burden, supra*, the Court said:

> "We must assume that the power will be used only in *proper cases*, and in all others it will be withheld." (Emphasis added.)

The rule is stated in *Finley v. Hayes*, 81 N.C. 368 (1879):

> "The stringent rule has been adopted in this State, that every return untrue in fact is a false return within our statute upon the subject of false returns, although the officer may be mistaken in the matter or insert the fact in his return by inadvertence. *Albright v. Tapscott*, 53 N.C., 473; *Peebles v. Newsom*, 74 N.C., 473. It is immaterial that the officer had no selfish purpose to subserve, or was unmoved by any criminal intent. If in returning to the Court his action under an execution, his return is false in its facts or any of the facts touching the things done under it, he is as well exposed to the penalty of $500 denounced against a false return, as if the false facts were wilfully and corruptly inserted."

The question arises whether under the circumstances of this case, it was proper for the trial judge to permit the defendants to amend the return during the course of the trial.

The plaintiff alleged and the defendants admitted that the return had been marked "served by delivering a copy thereof to this plaintiff." The plaintiff alleged and the defendants admitted that the sheriff "did not serve the original Order of Court upon the plaintiff." The parties stipulated at a pretrial conference that the return showing *"that it was delivered* to Dorothy Ford Crowder was not correct."

An admission in a pleading or a stipulation admitting a material fact becomes a judicial admission in a case and eliminates the necessity of submitting an issue in regard thereto to the jury. *Heating Co. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966); *Champion v. Waller*, 268 N.C. 426, 150 S.E. 2d 783 (1966); *Credit Corp. v. Saunders*, 235 N.C. 369, 70 S.E. 2d 176 (1952); *Wilson v. Chandler*, 235 N.C. 373, 70 S.E. 2d 179 (1952); *Smith v. Burleson*, 9 N.C. App. 611, 177 S.E. 2d 451 (1970). Issues in a case arise only upon the controverted material facts raised by the pleadings and supported by the evidence. G.S. 1A-1, Rule 49(b); *Wheeler v. Wheeler*, 239 N.C. 646, 80 S.E. 2d 755 (1954).

In Stansbury, N. C. Evidence 2d, § 166, it is said:

"The word 'admission' is used to describe two distinct things which differ materially in their function and effect, but which, because of the common designation and of superficial similarities of form, are often confused.

The first of these to be noted is the *judicial* or *solemn* admission, which is a formal concession made by a party (usually through counsel) in the course of litigation, either in a pleading or by way of stipulation before or at the trial, for the purpose of withdrawing a particular fact from the realm of dispute. Such an admission is not evidence but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to establish the admitted fact. In short the subject matter of a judicial admission ceases to be an issue in the case, and evidence thereafter offered by either party in affirmance or denial of the admitted fact is objectionable on the ground of irrelevancy. * * * "

It could be successfully argued, under proper circumstances, that it was not necessary in a case of this kind to submit to the jury the factual question of the falsity of the return and that the statute establishes the amount of the penalty. Plaintiff, however, did not object or except to the four issues submitted. Plaintiff did not move for summary judgment on the first two issues prior to the trial under the provisions of G.S. 1A-1,

Crowder v. Jenkins

Rule 56. Neither did she move for a directed verdict on the first two issues at the trial under the provisions of G.S. 1A-1, Rule 50(a). Therefore, we are not called upon to rule on these questions.

[1-3] Under the admissions in the pleadings and the stipulations, it was judicially admitted that the return of the sheriff was untrue in fact. A return untrue in fact is a false return within the intent and meaning of the statute. See Annotation of North Carolina cases on false returns in 157 A.L.R. 207-209. When the falsity of the return was alleged and not controverted, the issue of the truth or falsity of the return was removed from the case. McIntosh, N. C. Practice 2d, § 994; *Bonham v. Craig,* 80 N.C. 224 (1879); *Moss v. Moss,* 24 N.C. 55 (1841). Admissions in the pleadings and stipulations by the parties have the same effect as a jury finding; the jury is not required to find the existence of such facts; and nothing else appearing, they are conclusive and binding upon the parties and the trial judge. *Quinn v. Thigpen,* 266 N.C. 720, 147 S.E. 2d 191 (1966); *Gregory v. Cothran,* 262 N.C. 745, 138 S.E. 2d 634 (1964); *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460 (1958); *NASCAR, Inc. v. Midkiff,* 246 N.C. 409, 98 S.E. 2d 468 (1957); G.S. 1A-1, Rule 8(d); McIntosh, N. C. Practice 2d, §§ 993, 994.

The admissions and stipulations herein relating to the return were binding on the defendants and prevented them from introducing evidence to dispute it. The admissions in the pleadings (that the sheriff did not serve the original order upon the plaintiff and that the return had been marked served by the delivery of a copy thereof to Mrs. Crowder) and the stipulation (that the return showed that it was delivered to Mrs. Crowder) were not attacked and were not amended. We hold that under the circumstances, this was not a "proper case" in which to allow an amendment to the return of the sheriff, and the trial judge committed error in allowing the amendment over the objection of the plaintiff.

In view of the foregoing, we do not discuss the plaintiff's contention (which has merit) that even the return as amended reveals that it is false for that the process could not be *served on* Mrs. Crowder by delivering a copy to her husband who was her adversary in the case. Neither do we discuss plaintiff's other contentions.

For error committed in the trial, the plaintiff is entitled to a new trial.

New trial.

Judges PARKER and VAUGHN concur.