CITY OF DURHAM v. LYCKAN DEVELOPMENT CORPORATION;
   CENTRAL CAROLINA BANK & TRUST COMPANY, TRUSTEE;
   AND SECURITY SAVINGS & LOAN ASSOCIATION

No. 7514SC215

(Filed 18 June 1975)

1. **Rules of Civil Procedure § 7— motions — failure to state rule num-
   ber — absence of prejudice**

   Plaintiff was not prejudiced by defendant's failure to state the
   number of any rule under which it was proceeding as required by
   Rule 6 of the General Rules of Practice for the Superior and District

City of Durham v. Development Corp.

Courts where defendant complied with the requirements of G.S. 1A-1, Rule 7(b)(1), that the motion be made in writing, state the grounds therefor and set forth the relief or order sought.

**2. Process § 12; Rules of Civil Procedure § 4— domestic corporation — service on unknown person**

The trial court did not err in concluding that process was not properly served on the corporate defendant by leaving a copy of the summons and complaint in the office of an officer, director, or managing agent with the person who is apparently in charge of the office within the purview of G.S. 1A-1, Rule 4(j)(6)a where the court found that the president of the corporation was not in the county when process was purportedly served, the corporation was using the residence of its president as its temporary place of business, a deputy sheriff delivered process at that address to a male person who answered the doorbell and represented himself to be the president of the corporation and whose identity is unknown, and the process was delivered at 5:45 p.m. after the corporation's normal business hours.

**3. Eminent Domain § 7; Process § 3— eminent domain — date of service of process — waiver — petition for disbursement of funds**

In an eminent domain proceeding, defendant did not waive its right to contest the date of service of process on it by filing a petition for disbursement of the funds deposited by plaintiff with the court.

**4. Eminent Domain § 7— insufficient service on landowner — petition for withdrawal of funds — answer filed within one year**

In an eminent domain proceeding wherein process was not properly served on the corporate defendant, the court properly determined that defendant's answer was filed in apt time where it was filed within 12 months from the time defendant petitioned the court for withdrawal of the funds deposited by plaintiff with the court.

**5. Eminent Domain § 6— map showing floodway zones — evidence of value**

The trial court in an eminent domain action erred in the exclusion of a map prepared by the U. S. Corps of Engineers depicting floodway zones for the land in question and surrounding areas where the genuineness of the map was stipulated and the information on the map was relevant and material to the issue of damages.

APPEAL by plaintiff from order entered by *Clark, Judge,* on 10 January 1974 and judgment entered by *Hall, Judge,* on 19 December 1974; and appeal by defendant Lyckan Development Corporation (hereinafter referred to as defendant) from order entered by *Clark, Judge,* on 15 January 1974, in Superior Court, DURHAM County. Heard in the Court of Appeals 14 May 1975.

This is an eminent domain proceeding by plaintiff to acquire certain land owned by defendant for purpose of constructing a sewage pump station thereon.

Complaint was filed and summons issued on 8 August 1972 at 12:25 p.m. At the same time plaintiff filed a declaration of taking and notice of deposit and deposited with the court the sum of $5,000.00, the amount plaintiff estimated the property to be worth. The summons was returned by the sheriff with notation that it had been served on "Mr. Lyckan," President of Lyckan Development Corporation, at 1008 North Guthrie Avenue, Durham, N. C., at 5:45 p.m. on 8 August 1972.

On 23 August 1972, defendant, through its attorney, petitioned the court for disbursement of the $5,000.00 placed on deposit, as a credit against just compensation to be determined later. The court entered an order allowing the distribution.

On 20 August 1973 defendant corporation filed its answer. On 17 September 1973 plaintiff filed motion asking that the answer be stricken and that final judgment be rendered in its favor, for the reason that the answer was not filed within 12 months of the date of service of process. On 23 October 1973 defendant corporation filed a motion in the cause asking that the complaint be dismissed for numerous reasons, including a contention that service of process was defective. On 10 and 13 December 1973 Judge Edward B. Clark conducted a hearing on plaintiff's 17 September 1973 motion and defendant corporation's 23 October 1973 motion. On 10 January 1974 Judge Clark entered an order containing findings of fact, conclusions of law, and adjudication as follows:

### FINDINGS OF FACT

1. This action is an eminent domain proceeding instituted by Plaintiff pursuant to the procedures of Article 9 of Chapter 136 of North Carolina General Statutes as authorized by Chapter 506, Session Laws of 1967.

2. This action was instituted on August 8, 1972 by the filing of Plaintiff's verified Complaint, and declaration of taking and notice of deposit. On said date Plaintiff filed with Superior Court of Durham County the sum of $5,000. as estimated just compensation for the taking of Defendant's property.

3. The Defendant, Lyckan Development Corporation, was incorporated under the laws of the State of North Carolina on or about the 2nd day of November, 1959; and that, as of the date of the filing of this action, the registered

office of said corporation was 1008 North Guthrie Avenue, Durham, North Carolina, and the registered agent of the corporation was Terry Chronaki.

4. On August 8, 1972, 1008 North Guthrie Avenue was the address of a residential dwelling in which Terry Chronaki, his sister, Irene Chronaki, and his uncle, Emanual Chronaki lived.

5. The word Lyckan is a Swedish word meaning "good luck" and was chosen as the name of the corporation at the suggestion of an incorporator of the corporation who was of Swedish descent; and that at no time since the corporation's formation has there been any person associated with the corporation with the name of Lyckan.

6. That on the face of the Summons of record in this matter it appears that service of process was purportedly made by service upon a Mr. Lyckan, President of the defendant corporation, but that no evidence has been presented which indicates the existence of a person named Mr. Lyckan.

7. On August 8, 1972, the officers of Lyckan Development Corporation consisted of Terry Chronaki, Irene Chronaki and Bessie Chronaki and that these same persons were also the only shareholders and directors of the corporation; and there were no other employees or agents of the corporation on August 8, 1972.

8. During August of 1972, the Defendant, Lyckan Development Corporation, was in the process of moving its primary place of business located at 509 Morgan Street, Durham, North Carolina, because such address had been taken for redevelopment purposes and therefore the corporation was using the residence of the president temporarily as a primary place of business.

9. On August 8, 1972, at approximately 5:45 P.M. Durham County Deputy Sheriff C. W. Harris delivered a copy of the Summons and the Complaint filed in this action to a male person who was present at 1008 North Guthrie Avenue, Durham, North Carolina; however, there has been no evidence produced tending to establish the identity of this male person and the identity of this male person is unknown.

10. That 5:45 p.m. is after normal business hours for the business which was being conducted at 1008 North Guthrie Avenue, Durham, N. C.

11. That the President of the defendant corporation, Terry Chronaki, was not present at 1008 North Guthrie Avenue at 5:45 p.m. on August 8, 1972, and indeed was not present within Durham County when service of process was purportedly made upon the unknown male person at 1008 North Guthrie Avenue in Durham, North Carolina, at approximately 5:45 p.m. on August 8, 1972.

12. There has been no Alias and Pluries Summons issued in this action since the original Summons was issued on August 8, 1972.

13. On August 23, 1972, the Defendant, Lyckan Development Corporation filed a petition to withdraw the $5,000 theretofore deposited with the Clerk of Court by the Plaintiff; and the said deposit was thereafter paid to the Defendant, Lyckan Development Corporation on August 29, 1972.

14. No further pleading was had in this case until August 20, 1973 when Defendant, Lyckan Development filed an Answer in this case.

15. That on or about September 17, 1973, the Plaintiff filed a Motion to strike the Answer of Defendant Lyckan Development Corporation on grounds that the Answer was not filed within the 12 months of the date of service; and thereafter on October 23, 1973, the Defendant Lyckan Development Corporation, filed a Motion requesting, among other things, that the Complaint be dismissed for insufficiency of the service of process.

### CONCLUSIONS OF LAW

1. The Defendant, Lyckan Development Corporation, was not properly served in this action for the reason that delivery of Summons and Complaint to an unknown person who was at the registered office of the defendant corporation (which was also a residence for 3 persons) is not service on one "apparently in charge of the office" of an officer, director, or managing agent of the defendant corporation as required by North Carolina General Statutes, Section 1A-1, Rule 4(j)(6) a.

City of Durham v. Development Corp.

2. The Defendant, Lyckan Development Corporation, by petitioning the Clerk of Court on August 23, 1972, to release the $5,000 deposited by the Plaintiff was estopped from challenging the jurisdiction of this court or denying service of process except as to any purported service prior to that date.

3. The petition filed by Lyckan Development Corporation on August 23, 1972, did not constitute a Motion or responsive pleading in which the Defendant was required to assert the defense of insufficiency of service of process or the defense of lack of jurisdiction over the person, and therefore the defendant did not waive such defenses pursuant to the provisions of North Carolina General Statutes Section 1A-1, Rule 12(h)(1).

4. The Answer of the Defendant, Lyckan Development Corporation, filed on August 20, 1973, was properly filed within the 12 months period prescribed by North Carolina General Statutes 136-107 as the Answer was filed within 12 months from the date upon which the defendant corporation petitioned the court for the withdrawal of the $5,000 deposit and the defendant corporation is therefore entitled to a determination of just compensation according to the procedures provided in Article 9 of Chapter 136, of the General Statutes of North Carolina.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DE-CREED that Plaintiff's motion entitled Motion to Strike Answer and Motion for Final Judgment and Order of Disbursement is hereby denied and it is further ordered that the defendant corporation is entitled to a determination of just compensation according to the procedures provided in Article 9 of Chapter 136 of the General Statutes of the State of North Carolina.

On 15 January 1974, Judge Clark entered a "SUPPLE-MENTARY ORDER" providing as follows:

This matter having been heard before the undersigned Judge at the December 10, 1973 Session of the Durham County Superior Court, and the undersigned Judge having entered the Order allowing Defendant's Motion In The Cause and denying Plaintiff's Motion To Stike [sic] Defendant's Answer, and it being called to the Court's attention that the Order so entered omits material uncontroverted

evidence which was received at the hearing, the Court makes Findings of Fact which reflects such evidence, and it is

ORDERED that said Order entered on January 10, 1974, be changed by substituting the following for Paragraph 9 in the section entitled FINDINGS OF FACT:

On August 8, 1972, at approximately 5:45 P.M. Durham County Sheriff C. W. Harris delivered a copy of the Summons, Complaint and Declaration of Taking filed in this action to a white male adult, approximately fifty-five years of age, who represented himself to Deputy Sheriff Harris to be President of the Lyckan Development Corporation; that said person answered the doorbell when Deputy Sheriff Harris rang it, and that he was the only person Harris saw upon the premises; that said service took place at 1008 North Guthrie Avenue, Durham, N. C.; that said person was not otherwise known to Deputy Sheriff Harris and that his identity is not now known.

On 17 January 1974, plaintiff filed exceptions to the 10 January 1974 order and particularly to each of the conclusions of law set out therein. Defendant excepted to the 15 January 1974 supplementary order.

The cause came on for trial at the 16 December 1974 session on the issue of amount of defendant's damages. A jury answered the issue $18,000 and plaintiff appeals from judgment predicated on the verdict and from the 10 January 1974 order. Defendant appeals from the 15 January 1974 supplementary order.

*Rufus C. Boutwell, Jr., for plaintiff appellant.*

*Powe, Porter, Alphin & Whichard, P.A., by Edward L. Embree III, for defendant appellee.*

BRITT, Judge.

### PLAINTIFF'S APPEAL

Plaintiff contends Judge Clark erred in allowing defendant to make eight separate motions simultaneously, without any reference to any rule of civil procedure, to receive defendant's written argument on those motions, and then restrict the hearing to a single motion. We find no merit in the contention.

This contention pertains to defendant's "Motion in the Cause" filed 23 October 1973. In its motion, defendant asked that the complaint be dismissed for the reasons that (1) the court lacked jurisdiction over the subject matter of the action, (2) plaintiff was following unauthorized and unconstitutional procedures, and (3) there was insufficient service of process. Defendant also asked for injunctive relief. In the alternative, defendant asked that the return on the summons be amended to show the correct date of service on defendant " . . . if such can be determined." It further asked in the alternative that if the action was not dismissed that defendant be allowed to file an amendment to its answer and allege a counterclaim. Plaintiff and defendant each proceeded to file a memorandum of law and a brief in support of their respective motions and in defense of their respective positions on the other's motions.

[1] The gist of plaintiff's argument on this contention is that defendant did not cite the number of any rule under which it was moving, and plaintiff was greatly inconvenienced in having to prepare for a hearing on all facets of defendant's motion and the court allowed defendant to proceed on only one of them, namely, the claim of insufficiency of service of process.

Rule 6 of the General Rules of Practice for the Superior and District Courts provides that all motions, whether written or oral, shall state the rule number or numbers under which the movant is proceeding and makes reference parenthetically to Rule 7 of the Rules of Civil Procedure. G.S. 1A-1, Rule 7(b)(1) provides that motions, unless made during a hearing or trial or at a session at which a cause is on the calendar for that session, shall be made in writing, shall state the grounds therefor, and shall set forth the relief or order sought. While defendant failed to comply with Rule 6 of the trial court rules, it fully complied with G.S. 1A-1, Rule 7(b)(1). Assuming, *arguendo*, that defendant erred in not stating the rule number, we perceive no prejudice to plaintiff. We are not impressed with plaintiff's argument that it suffered inconvenience in having to prepare to defend on all aspects of defendant's motion.

Plaintiff contends the court erred in concluding that defendant was not properly served with process on 8 August 1972. The essence of plaintiff's argument on this contention is that the evidence did not support the conclusion. We note that plaintiff did not except to any finding of fact, therefore, this court will assume that the facts found are correct and are supported

by the evidence, and the appeal will be determined in accordance with those findings. 1 Strong, N. C. Index 2d, Appeal and Error, § 28, at 160. The question then arises, do the findings of fact support the conclusion of law that defendant was not properly served with process on 8 August 1972? We answer in the affirmative.

[2] Plaintiff argues that process was served in compliance with G.S. 1A-1, Rule 4(j)(6)a which provides that service may be had "By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." The return states that process was served on defendant's president but the court found as fact that defendant's president was not in Durham County at 5:45 p.m. on 8 August 1972. This brings us to consider whether a copy of the summons and complaint was left in the office of an officer, director, or managing agent of defendant corporation with the person who was apparently in charge of the office.

The court found as fact that on 8 August 1972 defendant corporation was using the residence of its president (1008 North Guthrie Avenue, Durham) as its temporary place of business, and that on the date and at the hour above stated, the deputy sheriff delivered process to a male person, whose identity is unknown, at said address. In its supplementary order (entered 15 January 1974) the court further found that the man at the residence answered the doorbell when the deputy rang it, was white, approximately 55 years of age, represented himself to be the president of defendant corporation, and was the only person the deputy saw on the premises. The court further found that 5:45 p.m. was after normal business hours for the conducting of business at said address. Even considering the additional facts set forth in the supplementary order, we think the facts found by the court were sufficient to support its conclusion of law that process was not properly served on defendant. While the evidence might have warranted different findings of fact, that was a prerogative of the trial judge.

[3] Plaintiff contends the court erred in concluding that defendant, by filing its petition for disbursement of funds on 23 August 1972, did not waive or was not estopped from contesting the date of service of process. We hold that this conclusion of law is fully supported by the findings of fact.

**[4]**  Plaintiff contends the court erred in ruling that defendant's answer, filed on 20 August 1973, was filed in apt time. We hold that the court's ruling is fully supported by its conclusions of law, which conclusions are supported by the findings of fact.

We have not overlooked defendant's contention that in the stipulation with respect to the record on appeal counsel for the parties stipulated that "[a]ll pleadings herein were properly and timely filed. . . ." Defendant argues that the stipulation renders moot the crucial question with respect to its answer being filed within the time allowed by statute. In view of our holding hereinbefore set out, we do not reach defendant's contention involving the stipulation.

**[5]**  Finally, by its assignment of error No. 9, plaintiff contends the court at trial erred in refusing to admit into evidence a map prepared by the U. S. Corps of Engineers in 1965 depicting certain floodway zones for the land in question and surrounding areas, when counsel, in the order on final pretrial conference, had stipulated to the admissibility of the map. This assignment has merit.

The "ORDER ON FINAL PRE-TRIAL CONFERENCE" entered by Judge Hall on 16 December 1974 contains the following provision (paragraph 6) : "It is stipulated and agreed that each of the exhibits identified by the Plaintiff is genuine, and, if relevant and material, may be received in evidence without further identification or proof." The map above referred to is one of the exhibits covered by the stipulation.

Pretrial stipulations duly entered into by the parties are binding upon them. *Quinn v. Thigpen*, 266 N.C. 720, 147 S.E. 2d 191 (1966). We then consider whether the map which plaintiff sought to introduce was relevant and material. "Strictly speaking, evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case. . . . " 1 Stansbury, N. C. Evidence, § 77, at 234 (Brandis rev. 1973).

We think the map contained information which was relevant and material to the issue being tried, namely, the damages sustained by defendant by the taking of its property by plaintiff. Defendant offered evidence tending to show that its land was capable of high type commercial development. Plaintiff, on the other hand, offered evidence tending to show that a creek ran through defendant's property and that the land taken in was in an area that was subject to flooding. Certainly, the map con-

tained information bearing on the question of whether the area was subject to flooding. Absent the stipulation, the laying of considerable foundation would have been necessary to render the map admissible in evidence, but the stipulation removed all grounds of objection by defendant except that of relevancy and materiality.

We also think the court's error in excluding the map was sufficiently prejudicial to entitle plaintiff to a new trial on the issue of amount of damages.

### DEFENDANT'S APPEAL

Defendant's appeal raises only one question: Whether the Court erred in entering its 15 January 1974 "SUPPLEMENTARY ORDER" amending its 10 January 1974 order. In view of our holding set forth above that even considering the additional findings set forth in the supplementary order, the conclusions of law were supported by the findings of fact, we find it unnecessary to pass upon the question raised by defendant's appeal.

$$* \quad * \quad *$$

For the reasons stated, the orders entered by Judge Clark from which plaintiff and defendant appealed are affirmed; the judgment entered by Judge Hall from which plaintiff appealed is reversed and a new trial is ordered on the issue of amount of damages.

New trial.

Judges PARKER and VAUGHN concur.