An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1422
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

PROMENADE AT SURF CITY, LLC and
SHOPPES AT THE PROMENADE, LLC,

    Plaintiffs,

v.                                                  Pender County
                                                    No. 12 CVS 231
NIKKIS ON TOPSAIL ISLAND, INC. and
JIAN CHEN,

    Defendants.


Appeal by defendants from order and judgment entered 19 June 2013 by Judge Phyllis M. Gorham in Pender County Superior Court. Heard in the Court of Appeals 22 April 2014.

    *Murchison, Taylor & Gibson, PLLC, by Andrew K. McVey, for plaintiff-appellees.*

    *Ray C. Blackburn, Jr., for defendant-appellants.*


    STEELMAN, Judge.


Where the trial court's evidentiary findings of fact are not contested on appeal, are binding upon appeal, and supported the trial court's conclusions of law, the trial court did not err in its Order and Judgment.

I. Factual and Procedural Background

On 10 June 2010, Nikki's on Topsail Island, Inc. (Nikki's), an entity organized by Jian Chen (collectively, defendants), signed a letter of intent with Shoppes at the Promenade, LLC, the successor-in-title to Promenade at Surf City, LLC (collectively, plaintiffs). The letter indicated defendants' desire to enter into a ten-year lease for an area within plaintiffs' proposed development. The parties signed the lease on 23 September 2010. Jian Chen guaranteed the lease under the alias Andy Chen. The lease was contingent upon the development achieving a 70% occupancy rate. On 28 December 2011, defendants notified plaintiffs that they wished to terminate the lease.

On 12 March 2012, plaintiffs filed a complaint seeking monetary damages and attorney's fees from defendants based upon Nikki's anticipatory repudiation of the lease and Chen's guarantee of the lease. On 14 November 2012, defendants filed an amended answer and counterclaim, denying plaintiffs' right to recover damages and raising a number of affirmative defenses. Nikki's also counterclaimed against plaintiffs, seeking monetary damages for plaintiffs' breach of contract. On 21 November

2012, plaintiffs filed a reply to the amended counterclaim, denying Nikki's right to recover and raising a number of affirmative defenses.

On 7 January 2013, Judge Alford entered an order granting summary judgment in favor of plaintiffs on "Defendants' contention in their Counterclaim that Plaintiffs represented that a bowling alley, movie theater, and laser tag facility would be among the shopping center facilities" and that "Plaintiffs breached the lease in failing to construct such amenities[.]" Defendants did not appeal from this order. The remaining issues between the parties were heard at the 28 January 2013 session of Superior Court, before Judge Gorham, sitting without a jury.

On 19 June 2013, Judge Gorham's Order and Judgment was filed. It provided that "Defendants are to take possession of the leased property and pay Plaintiffs' attorney's fees in the amount of $84,955.00[,]" and if defendants failed to take possession of the property within 60 days, that plaintiffs would recover damages from defendants, jointly and severally, in the amount of $566,370.

On 17 July 2013, defendants appealed from Judge Gorham's order.

## II. Standard of Review

"The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)), *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002).

## III. Findings of Fact and Conclusions of Law

Defendants contend that the trial court erred in concluding that Nikki's breached the lease, in concluding that Nikki's repudiated the lease, in failing to conclude that plaintiffs repudiated the lease, and in concluding that Jian Chen guaranteed the lease. We disagree.

First, defendants contend that the trial court erred in concluding that Nikki's repudiated the lease, in failing to conclude that plaintiffs repudiated the lease, and in concluding that Nikki's breached the lease.[1] "Breach of contract is a

---

[1] We note that the trial court's opinion grouped findings of fact and conclusions of law under a single heading. "Where 'findings of fact' should have been 'more properly designated conclusions of law[,]' this Court will 'treat them as such for the purposes of ... appeal.' *Sheffer v. Rardin*, 208 N.C. App. 620, 624, 704

conclusion of law reviewable by this Court." *Long v. Long*, 160

N.C. App. 664, 670, 588 S.E.2d 1, 5 (2003).

In support of its conclusion that Nikki's repudiated the

lease, the trial court found:

> 16. The Landlord sent Nikki's an anticipated timeline for construction which included a request that Defendants provide their architectural drawings for use in the construction. Those drawings were not forthcoming.
>
> 17. In the interest of attempting to speed up the development timeline and delivering space to Nikki's, the Landlord offered to amend the Lease to move Nikki's from Outparcel G of the development to Outparcel D.
>
> 18. Some time later, Chen showed up unannounced at the office of Mo Afify and communicated on behalf of Nikki's that Defendants were disappointed that a new Chinese buffet retail tenant had taken occupancy in the development located across the street from the proposed Promenade at Surf City development. In the same meeting, Chen communicated that Nikki's did not want to move to Outparcel D and instead wanted to remain on Outparcel G. Notably, the Landlord reconfigured the footprint of the building to be constructed on Outparcel G at the urging of Chen, essentially rotating the footprint 45 degrees. Chen requested this change to maximize the visibility and traffic to the new Nikki's location from both Highways 50 and 210.

---

S.E.2d 32, 35 (2010) (citation omitted). We will therefore recharacterize the trial court's findings of fact as being either findings of fact or conclusions of law.

19. The following day, Nikki's real estate agent again related that Nikki's wanted to remain on Outparcel G "even if takes Mo longer to deliver."

20. Subsequently, in late July, 2011, the parties had discussions regarding a proposed amendment to the Lease which would have allowed Nikki's to take occupancy of a smaller space on Outparcel G, and would have restricted the Landlord from leasing space to other hibachi-style restaurants throughout the entire development.

. . .

22. On November 29, 2011, the Landlord notified Nikki's that it intended to begin construction the following week and again requested Nikki's architectural drawings.

. . .

24. Again, the architectural drawings were not forthcoming from Defendants.

25. Then, on December 28, 2011, Defendants notified the Landlord that they would not execute the amendment to the Lease and wanted to terminate the Lease because sales at another Surf City restaurant owned by Chen were "way off."

26. The Landlord is ready, willing, and able to perform its obligations under the Lease Agreement.

On appeal, these findings are not challenged by defendants, and are therefore binding upon this Court. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). These

findings show that plaintiffs were willing to proceed under the terms of the lease, and that it was Nikki's conduct which brought about the termination of the lease. These findings in turn support the trial court's conclusions that Nikki's repudiated the lease, and that this conduct constituted a breach of the lease agreement. Further, the trial court found that plaintiffs were "ready, willing and able to perform [their] obligations under the Lease Agreement." This unchallenged finding established that plaintiffs did not repudiate the lease.

Next, defendants argue that the trial court erred in concluding that Jian Chen personally guaranteed the lease. The original complaint listed "Andy Chen" as a defendant. The guarantee of the lease was signed by "Andy Chen." By stipulation of all of the parties, plaintiffs were allowed to change the caption of their complaint and names in their complaint. One of the stipulated changes was "to replace all references to Defendant 'Andy Chen' with his legal name 'Jian Chen[.]'" The order allowing this stipulation was signed by counsel for all parties.

"Pretrial stipulations duly entered into by the parties are binding upon them." *City of Durham v. Lyckan Dev. Corp.*, 26 N.C. App. 210, 219, 215 S.E.2d 814, 820 (1975). By signing that stipulation, defendants conceded that Jian Chen and Andy Chen were

the same person.  Defendants cannot now, on appeal, claim that Jian Chen and Andy Chen are different persons.  We hold that the trial court did not err in finding that Jian Chen was the same person as Andy Chen, and that he guaranteed the lease.

This argument is without merit.

AFFIRMED.

Judges HUNTER, Robert C., and BRYANT concur.

Report per Rule 30(e).